## PEOPLE *ex rel.* ORMAN *v.* RILEY.

Where a special term of the County Court was held, on the first day of May, upon notice to that effect given on the twenty-fourth of April preceding, the proceedings of the Court were irregular, if not void, the statute (Wood's Dig. 381) requiring a notice of not less than ten, nor more than twenty days.

Appeal from the County Court of Del Norte.

Contest for the office of Sheriff. The case was before the Supreme Court in January last, and is reported in 15 Cal. On the return of the *remittitur*, the County Judge made an order, April 24th, 1860, for a special term of his Court, on the first day of May, for the hearing of the case. The order was served on the defendant, April 25th, and on the opening of the Court, on the first day of May, he moved that the case be put over to the next term, on the ground that the statutory notice of ten days had not been given. Motion denied, defendant excepting. He then moved for a continuance for twenty days, upon affidavit as to the absence of material witnesses. Motion overruled; defendant excepting. The cause being then tried, judgment was rendered, declaring relator entitled to the office of Sheriff, and annulling the certificate of election given by the Supervisors to defendant. He appeals.

*Colton & Harrison*, for Appellant.

COPE, J. delivered the opinion of the Court — FIELD, C. J. concurring.

This is a contest for the office of Sheriff of the county of Del Norte. The judgment must be reversed, upon the ground that the special term of the Court at which the case was tried was called upon insufficient notice. The statute (Wood's Dig. 381) requires a notice of not less than ten nor more than twenty days, and the failure to give the requisite notice in this case, renders the proceedings irregular, if not void.

Judgment reversed, and cause remanded for new trial.