[No. 5429.]
[No. 3087 C. A.]

BONNELL v. GILL.

1. **Appellate Practice—No Exception to Judgment—Evidence
   Not Reviewed.**

   Where no exception has been taken and preserved to a final
judgment, the sufficiency of the evidence will not be considered
on appeal.—P. 63.

2. **Justices of the Peace—Unlawful Detainer—Title in Dispute—
   How Shown—Jurisdiction.**

   In an action before a justice of the peace for unlawful de-
tainer, the complaint alleged title in plaintiff, and the defendant
entered the equivalent of a general denial. Held, that a motion
to certify the cause to the district court, on the ground that the
title was in dispute, in accordance with § 1459, Genl. Stats.,

providing that, when it shall appear from a sufficient affidavit or by the evidence presented on the trial of the cause that the title is in dispute, the justice shall certify the cause, was properly overruled.—P. 64.

3.  Same.

One desiring to have an action for unlawful detainer in a justice of the peace court certified to the district court under § 8 of the forcible detainer act (Sess. Laws 1885, p. 226), as amended by Sess. Laws of 1887, p. 271, must apply to the justice at the earliest opportunity, and cannot, after trial on the merits and on appeal from an adverse judgment, first question the justice's right to proceed after filing an answer in conformity to the statute.—P. 64.

4.  Forcible Entry and Detainer—Pleading—Answer.

Section 12 of the forcible detainer act (Sess. Laws 1885, p. 227) requires the answer to "specifically admit or deny all the material facts" of the complaint. Held, that an answer denying that plaintiff gave defendant an option to purchase the premises and that defendant was to pay a specified sum, and denying that defendant had forfeited any rights to the property by virtue of an option to purchase the same, or otherwise, allegations of such facts appearing in the complaint, was insufficient.—P. 65.

*Appeal from the County Court of the City and County of Denver.*

*Hon. Ben. B. Lindsey, Judge.*

Action for unlawful detainer, by Mary A. Gill against Frank P. Bonnell. From a judgment for plaintiff in the justice and in the county courts, defendant appeals.          *Affirmed.*

Mr. FRANK McLAUGHLIN, for appellant.

Messrs. GOUDY & TWITCHELL, for appellee.

This is an action for unlawful detainer commenced before a justice of the peace to recover possession of certain premises under section 3, page 224, Session Laws of 1885, which provides:

"Sec. 3.  Any person shall be deemed and held guilty of an unlawful detention of real property in the following cases:  *   *   *   (9) When a vendee,

having obtained possession under an agreement to purchase lands, or tenements, and having failed to comply with his agreement, withholds possession thereof from his vendor, or assigns, after demand therefor being duly made.''

The appellee, plaintiff below, filed her verified complaint with the justice of the peace in conformity with the requirements of section 9 of the act aforesaid. The allegations of the complaint and of the answer that are pertinent to the question presented here are as follows:

"First. That said plaintiff is the owner of the premises known and described as follows, to wit: Lots forty-seven (47) and forty-eight (48), in block six (6), Park Side subdivision, situate in the city and county of Denver, state of Colorado.

"Second. That heretofore and on the 11th day of October, 1902, said plaintiff gave to said defendant an option to purchase said premises under and by the terms of which said option, defendant promised and agreed to pay to the plaintiff as part of the consideration for said premises, the sum of $2,000.00 on or before October 11, 1903, together with interest thereon at the rate of six per cent per annum, payable quarterly from said 11th day of October, 1902, and also to pay interest at the rate of five and one-half per cent. per annum upon $5,000.00, payable quarterly from said 11th day of October, 1902.

\*     \*     \*     \*     \*     \*     \*     \*     \*

"Fourth. That said defendant has failed to pay said sum of $2,000.00 and the interest thereon subsequent to July 11, 1903, and has also failed to pay the last quarter's interest due upon the said $5,000.00 on said 11th day of October, 1903, as aforesaid, and has forfeited all his rights under and by virtue of said option and agreement to purchase.''

For answer, defendant,

"First. Denies the allegations contained in paragraph marked 'First' of plaintiff's complaint.

"Second. Answering paragraph 'Second' of the complaint, defendant denies that on the 11th day of October, 1902, or at any other time, the plaintiff gave the defendant an option to purchase the premises described in paragraph two of said complaint, and denies that the defendant was to pay the sum of two thousand ($2,000.00) dollars on or before October 11, 1903, together with interest thereon at six per cent. per annum.

\*      \*      \*      \*      \*      \*      \*      \*      \*

"Fourth. Answering paragraph 'Fourth' of said complaint, defendant denies that he has forfeited any rights to the property described in said complaint by virtue of any option or agreement to purchase the same, or otherwise."

Section 12 of the act provides that "The answer of the defendant shall be in writing and verified \* \* \* and shall set forth all the substantial facts upon which he relies, entitling him to the possession of the property described in plaintiff's complaint, and shall either specifically admit or deny all of the material facts set forth in such complaint."

In 1887, section 8 of the law of 1885 was amended as follows: "In all actions hereafter brought before justices of the peace, under the 6th, 7th, 8th and 9th subdivisions of section 3 of this act, where the allegations of the complaint shall be put in issue by a verified answer, the justice shall, upon the filing of said answer, suspend all proceedings therein and certify and send said cause and transmit the papers therein to the district court of the same county."

Upon filing the answer, the appellant interposed the following motion:

"Now comes the defendant and moves the court to certify this case and the papers and proceedings therein to the district court of the city and county of Denver for the reason that the sworn answer of the defendant herein discloses that the question of title to said property is involved in said suit, and that for that reason this court has no jurisdiction to try and determine the same or enter judgment therein."

This motion was overruled, trial had, and judgment rendered in favor of the appellee. From this judgment appellant appealed to the county court. In the county court the appellant filed his motion to dismiss the action upon the ground, first, that that court had no jurisdiction to try and determine the action upon the merits; for the reason that his answer filed with the justice put in issue the allegations of the complaint. This motion was denied, and an exception noted, and thereupon the case was tried to the court upon its merits and judgment rendered in favor of appellee for the possession of the premises in controversy. To this judgment there was no exception. To reverse this judgment this appeal is prosecuted.

Mr. Justice Goddard delivered the opinion of the court:

No exception to the final judgment having been taken and preserved, we are not called upon to consider the sufficiency of the evidence to support the judgment. The only question presented for our determination is whether the county court erred in denying appellant's motion to dismiss the action because of the refusal of the justice of the peace to certify the cause to the district court. Counsel for appellant insists that the verified answer filed with the justice put in issue not only the title to the premises, but all the other allegations of the complaint,

and under section 1237 of the Laws of 1877, section 1495 Genl. Stats. (if still in force), and also under the forcible detainer act as amended in 1887, it was the duty of the justice to suspend all proceedings and certify the cause to the district court, and that the proceedings, had before him subsequent to the overruling of the motion to certify the cause, were without jurisdiction and void, and the only jurisdiction acquired by the county court on the appeal was to dismiss the case.

1. We think the record presents three sufficient answers to this contention. The first paragraph of the answer is, at most, a general denial.—*Donovan v. Main,* 77 N. Y. Supp. 229, 232. It is an attempt to put in issue the title to the real estate in question. If the statute of 1877 is still in force, it becomes the duty of a justice of the peace to stay proceedings and certify the cause when "it shall appear * . * * from sufficient affidavit or the evidence presented upon the trial of the cause that the title * * * is in dispute and an adjudication of the same may be necessary." The title of the appellee to the premises is, therefore, not put in issue by this denial, or by the additional answer of the appellee, and the motion to certify the cause upon the ground that the title was in dispute was properly overruled.

2. The reasons assigned in the motion filed in the county court for the dismissal of the case were not presented to the justice of the peace, but his authority to proceed with the trial of the cause was challenged, as we have seen, for another and different reason, and one clearly unavailable. If a party desires to have a case certified to the district court under the provisions of the statute of 1887, he must make application to the justice at the earliest opportunity, and he may not, after trial to the justice on the merits, and on appeal from an adverse judgment,

raise the question of the right of the justice to proceed with the trial after filing an answer as provided in conformity with the provisions of such section, for the first time in the county court.

3. But aside from the foregoing reasons, we think the contention of appellant cannot prevail for the further reason that the answer does not conform to the requirements of section 12 of the forcible entry and detainer act, in that it fails to ''specifically admit or deny all of the material facts set forth in the complaint.'' This clearly appears from an examination of those parts of the complaint and answer above set forth. The second paragraph in the answer is not sufficient in this respect, and the fourth paragraph does not attempt to deny the facts set forth in the fourth paragraph of the complaint, which facts, if true, are determinative of the right of the appellee to recover in this action. It simply denies a legal conclusion, and raises no issue.

For the foregoing reasons, the motion to dismiss the action was properly overruled by the county court. Our conclusion is that the county court had jurisdiction to hear and determine the cause, and its judgment cannot be disturbed for any reasons presented in this record. The judgment is therefore affirmed.                                 *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.