## No. ·11,105.

### WISE, et al. *v.* SCHIMMEL.

Decided October 6, 1924. Rehearing Denied November 18, 1924.

Action in forcible entry and detainer. Judgment for plaintiff.

## *Affirmed.*

### *On Application for Supersedeas.*

1. FORCIBLE ENTRY AND DETAINER—*Jurisdiction of Justice of the Peace.* In an action in forcible entry and detainer in a justice court, a general denial of the allegations of the complaint is not sufficient to make it appear that title to real estate is in dispute.

2. JUSTICE OF THE PEACE—*Forcible Entry and Detainer—Jurisdiction.* In order to oust the jurisdiction of the justice in a forcible entry and detainer action, the question of title must ordinarily be directly and necessarily involved.

3. FORCIBLE ENTRY AND DETAINER—*Title.* In ordinary actions of forcible entry and detainer, title to the property is not involved and cannot be tried.

4. *Title.* In an action of forcible entry and detainer, while defendant may plead he is in possession as vendee, this would not permit the question of title to be tried. The allegation would only amount to a denial of the tenancy alleged by plaintiff.

5. *Certification by Justice to District Court.* Cases of forcible entry and detainer commenced in justice courts which should be certified to the district court, are those falling under the sixth, seventh, eighth and ninth sub-divisions of section 6369, C. L. '21.

6. WRITS—*Erroneous—Quashed.* Where a writ should not have issued originally, it is proper for the court to quash the same.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. F. D. TAGGART, for plaintiffs in error.

Mr. BARNEY L. WHATLEY, Mr. J. G. SCOTT, for defendant in error.

·MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in forcible entry and detainer instituted in a justice court. The plaintiff charged unlawful detention of the property on the part of defendants as tenants who were in default in the payment of rent and had been given the necessary notice to quit. The defendants filed an answer, attempting to put the title of plaintiff in dispute, and asked that the case be certified to the district court. The justice of the peace refused to certify the case, but assumed jurisdiction thereof and upon trial gave judgment for plaintiff. The defendants then filed in the district court a petition for a writ of certiorari, and the writ was forthwith ordered issued. Thereafter the plaintiff moved to quash the writ, upon several grounds, and upon the hearing of such motion the district court quashed the writ. To review that ruling, the defendants have sued out this writ of error, and the cause is before us on their application for a supersedeas.

The defendants in the justice court in asking the justice of the peace to certify the case to the district court, invoked section 6042, C. L. 1921, which provides: "If in any action before a justice of the peace relating to real estate, it shall appear that the title or boundaries are in dispute, the justice shall certify the case and transmit the papers to the district court of the same county."

The justice having refused to certify the case, it becomes necessary to determine whether the petition for a writ of certiorari alleges facts showing that title to the real estate involved was in dispute.

The petition for the writ alleges that defendants filed an answer in the justice court denying every allegation of plaintiff's complaint except that of defendants' possession. Merely a general denial of the allegations of the complaint would not be sufficient to make it appear that the title to real estate is in dispute. *Bonnell v. Gill*, 41 Colo. 59, 62, 92

Pac. 13. The petition, however, as did the answer in justice court, proceeds to allege facts tending to show that defendants are not holding as tenants but are in possession under a contract of purchase made between one Philip Wise, now deceased and under whom defendants claim, and one M. Morrison, acting as agent for one J. O. Chase who held a contract of purchase from one Mary Eiser. In other words, defendants are attempting to assert title in themselves. In our opinion, however, they neither plead facts sufficient to assail the title of plaintiff nor to show title in themselves, but if they did successfully plead such matters, it would not bring the case within the statute upon which they rely, for this is not a case in which the title can be "in dispute" within the meaning of the statute.

In order to oust the jurisdiction of the justice of the peace the question of title must ordinarily be directly and necessarily involved. 35 C. J. 500. We held in *Hamill v. Bank of Clear Creek County*, 22 Colo. 384, 45 Pac. 411, that in ordinary actions of forcible entry and detainer, title to the property is not involved and cannot be tried. To the same effect is *Potts v. Magnes*, 17 Colo. 364, 30 Pac. 58.

In the instant case, it is not the plaintiff's title that is involved, or can be put in dispute, within the meaning of the statute, but it is the issue of tenancy which is to be tried. The plaintiff brought the action under the *fourth* subdivision of section 6369, C. L. 1921, providing that a person shall be deemed and held guilty of unlawful detention of real property when as tenant or lessee he "holds over, without permission of his landlord, after default in the payment of rent," etc. In 35 C. J. 506, it is said: "Possessory actions between landlord and tenant are as a rule within the jurisdiction of justices, since a tenant is estopped to deny his landlord's title so long as the relation of landlord and tenant continues."

It may be that defendants had the right to plead that they were in possession, not as tenants, but as vendees, but that would not permit the question of title to be tried.

Such pleading would only be one denying the tenancy alleged by plaintiff. *Klopfer v. Keller,* 1 Colo. 410.

There are, of course, some actions of forcible entry and detainer where it may become necessary for the justice of the peace to certify the case to the district court. Such cases are provided for in section 6374, C. L. 1921, being cases instituted under "the sixth, seventh, eighth and ninth sub-divisions" of section 6369, C. L. 1921, above cited. As before noted, the instant case was brought under the *fourth* subdivision of that section.

The petition for the writ of certiorari is insufficient to show that the justice of the peace acted without or in excess of jurisdiction in refusing to certify the case to the district court and in proceeding thereafter. The writ should not have issued originally, and, for that reason, the court was right in quashing the same. *Union Pacific Ry. Co. v. Bowler,* 4 Colo. App. 25, 34 Pac. 940; 11 C. J. 183.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.