No. 14,473.

West *v.* Judd et al.
(86 P. [2d] 1081)

Decided January 16, 1939.

Mr. WILLIAM A. BRYANS, for plaintiff in error.

Mr. A. HELLERSTEIN, Mr. A. G. GERTZ, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

AN action in forcible entry and detainer before a justice of the peace. Defendants in error, plaintiffs at trial, had judgment for possession and defaulted rental. Plaintiff in error, defendant at trial, sought review in the

county court by civil code certiorari, but writ to that end was subsequently quashed. Reference will be made to plaintiff in error as West, and to defendants in error as Judds.

It appears that July 17, 1937, by written residence lease in usual form, Judds rented the premises involved to West for a term of two years, or until July 17, 1939, at an agreed total rental of $540, "thirty dollars per month for six months of the year and fifteen dollars per month for six months of the year," payable monthly in advance on the 17th of each month during the term; that May 17, 1938, Judds, claiming West was $75 in arrears on the rental reserved, served a three day demand for payment of the sum claimed or surrender of the premises; that May 25, 1938, Judds filed complaint against West, alleging failure to pay the defaulted rental or to surrender the premises, and prayed judgment for possession, the rent due and costs; that June 2, 1938, West filed a verified answer, wherein, although admitting that some rental was due, he pleaded there was included in the lease "an agreement * * * to transfer the * * * property to the defendant when certain sums of money had been paid," and prayed that the matter be transferred to the district court; that before trial in the justice court West tendered an amended answer in which he amplified the issue previously pleaded, and prayed as before, but its filing was denied; that June 27, 1938, in a trial to the court the justice gave judgment against West for $75, the sum of rental found to be due and unpaid, possession of the premises and costs.

The claim of West that the "leasehold was a contract for purchase of the property," is based upon language in an "attached endorsement" to the lease proper, reading as follows: "The lessor hereby gives to the lessee the privilege of buying this property at any time after the lessee has paid to the lessor the sum of $350.00 in rent. All rents paid in under this lease are to be credited upon the purchase price. The purchase price is to be one

thousand dollars ($1000.00). Interest is to be charged on this amount from the date of this lease. Interest is to be at the rate of seven per cent per annum (7%). It is definitely understood that the lessor holds possession to this property under a tax title and will, in event the lessor [lessee] desires to purchase this property under this contract, issue a quit claim deed.'' West did not allege in his answer, or in his tendered amended answer, that at the time of his default in payment of rent, or at any time, he had paid rent in the sum denominated in the writing upon which he relies—$350; and, manifestly, the date of his default considered, had that amount been paid he would not have been in default.

We cannot think there was error. The action was grounded on '35 C. S. A., chapter 70, section 4, opening paragraph and subdivision fourth, to the effect that when a ''tenant, or lessee, holds over, without permission of his landlord, after any default in the payment of rent pursuant to the agreement under which he * * * holds, and three days' notice, in writing, has been duly served upon the tenant or lessee, holding over, requiring, in the alternative, the payment of the rent or the possession of the premises;'' he ''shall be deemed and held guilty of an unlawful detention.'' An aggrieved party may appeal from a judgment given by a justice of the peace in such a matter, ''as in other cases tried before justices of the peace.'' '35 C. S. A., c. 70, §18. If the appeal is taken by the tenant, he must observe the special requirements as to bond and deposit of adjudged unpaid rental provided in the section of the statutes just mentioned and the succeeding section. *Erbaugh v. Fields,* 77 Colo. 254, 235 Pac. 568; *Reardon v. Barr,* 13 Colo. App. 385, 59 Pac. 216. Here, not only was no such appeal taken, but resort was not had to statutory certiorari ('35 C. S. A., c. 96, §§132-139), permissible in unusual situations as a ''substitute for an appeal.'' *State Bank v. Harcourt,* 38 Colo. 243, 88 Pac. 855. Instead, proceeding on the theory that the justice of the peace did not have jurisdiction to

determine the issues involved in the action before him, West, invoking chapter XXIX, section 331 et seq., of the Code of Civil Procedure, sought by writ of certiorari to stay further proceedings before the justice of the peace, with the result already stated.

West's contention is, that regardless of the quality of the issue as tendered by the complaint before the justice, his answer and proffered amended answer operated to so change the issue as to require the justice to certify the case to the district court. His reliance is upon '35 C. S. A., chapter 70, section 9. We think that section is without application. It only has to do with actions "brought before justices of the peace under the sixth, seventh, eighth and ninth subdivisions of section 4 of this chapter [c. 70]." None of the subdivisions mentioned refers to the relation between landlord and tenant. "It may be that defendants had the right to plead that they were in possession, not as tenants, but as vendees, but that would not permit the question of title to be tried. Such pleading would only be one denying the tenancy alleged by plaintiff. *Klopfer v. Keller,* 1 Colo. 410." *Wise v. Schimmel,* 76 Colo. 184, 230 Pac. 786. Besides, at the time of West's default, he was not in position to claim as a purchaser, a privilege to be enjoyed only when he had paid to Judds "the sum of $350 in rent." The writ of certiorari was rightly quashed. Let the judgment be affirmed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE BOCK concur.