No. 14,682.

Cox *v.* Godec.
(108 P. [2d] 876)

Decided December 9, 1940.   Rehearing denied January 6, 1941.

Mr. BEN S. WENDELKEN, for plaintiff in error.

Mr. CHARLES J. SIMON, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS is an unlawful detainer action, in which the parties here appear in the same relative position as below. It originally was brought in a justice of the peace court and grounded on the fourth subdivision of section 4, chapter 70, '35 C.S.A. Answer thereto, in compliance with the provisions of section 13, chapter 70, supra, and a cross complaint were filed by defendant, in which the justice of the peace was asked to certify the cause to the district court, as provided by section 12, chapter 96, '35 C.S.A., it appearing from the answer that defendant denied the title of plaintiff and asserted title in himself by adverse possession. The justice of the peace certified the case to the district court, where plaintiff, as his first legal step, moved for an order remanding the cause to the justice court on the ground that under subdivision 4, section 4, supra, the question of title was not raised and could not be tried. This motion was denied. Thereafter plaintiff filed a replication to defendant's answer and an answer to the cross complaint, and upon the issues so made the court found in favor of defendant, quieting the title to the real estate involved in him. Reversal is sought on a writ of error.

Plaintiff contends, first, that the district court committed error when it denied the motion to remand the case to the justice of the peace court. It is argued that title is not involved when an action for unlawful detainer is brought under section 4, supra, which it is said is limited solely to a possessory action between landlord and tenant, and certification to the district court by the justice of the peace only is authorized when the action is brought under subdivision 6, 7, 8 or 9 of section 4, supra. In support of this contention his counsel cites *Wise v. Schimmel,* 76 Colo. 184, 230 Pac. 786. In that case the justice of the peace refused to certify, and it became necessary to determine whether a subsequently filed petition for writ of certiorari alleged facts showing title to the real estate involved to be in "dispute." We held that it did not; but stated that if the pleadings

were sufficient they would not bring the case within the provisions of section 12, chapter 96, supra, upon which authorization for certification to the district court was sought, because this was not a case in which the title can be "in dispute" within the meaning of such section. In the present case we might summarily eliminate the authority as inapplicable because the language to which attention is called was mere dictum. In view of the fact, however, that Mr. Justice Allen, the author of the opinion, goes into detail to support the proposition which ostensibly sustains plaintiff's contention, we deem it advisable, in the interest of certainty of procedure as here involved, to specifically settle this question.

Section 12, chapter 96, supra, reads in part as follows: "If in any action before a justice of the peace relating to real estate, it shall appear that the title or boundaries are in dispute, the justice shall certify the cause and transmit the papers to the district court of the same county." This provision was enacted to give legislative effect to section 25, article VI, of our Constitution, the pertinent part of which is as follows: "Justices of the peace shall have such jurisdiction as may be conferred by law; but they shall not have jurisdiction of any case * * * where the * * * title to real property shall be called in question." Constitutionally, therefore, the justice of the peace has no jurisdiction in "any case" in which the title to real estate is called in question. This jurisdictional limitation is not affected by any provisions in chapter 70, supra, which is a statutory enactment. That in the instant case title to real estate was "called in question" and is "in dispute," there can be no doubt. Defendant denied the title and the relation of landlord and tenant between him and plaintiff, and alleged superior title in himself by adverse possession. Title to real estate was necessarily and directly involved. The denial of the motion to remand to the justice of the peace was not error. If there is contrary language in *Wise v. Schimmel, supra,* or any other decisions of this

court, to the effect that only under subdivision 6, 7, 8 or 9, of section 4, supra, is certification to the district court required by the justice of the peace, they must, to that extent, be considered modified by this opinion. This holding does not in the slightest degree affect the rule that a tenant is estopped to deny the landlord's title so long as the relation of landlord and tenant continues, in which situation there could be no dispute as to title. In the instant case the evidence shows that this relationship never existed. The suggestion of plaintiff that where, as here, the alleged relationship of landlord and tenant is not sustained by proof, the justice is required to dismiss the action, does not satisfy the statutory requirement of certification when title to real estate "in any case" is called in question before the justice of the peace. After such certification the district court proceeds with the cause "in all respects as if originally begun in the court to which they have been certified."

Plaintiff next contends "that the court committed error in sustaining the defendant's claim of title based on adverse possession, since the possession was based upon a permissive entry granted by the plaintiff's predecessors in title and that a permissive grant cannot ripen into an adverse ownership."

██ To a better understanding of the issues, we briefly state the facts, in which there is no material conflict. One Edward Blaser, in 1916, was the fee owner of certain lands described by metes and bounds, being a part of the northwest quarter of the southwest quarter of section 11, township 14 south, range 67 west, in El Paso County. Some time in that year he conveyed to one John Sikola a portion of the land so described. During the time Sikola was the owner of said land Blaser permitted him to extend his fence twenty feet easterly to the alley, thus taking in about .11 of an acre, the land here in controversy, title to which remained in Blaser, thereby placing his land and the twenty-foot

strip belonging to Blaser within one enclosure. In a conversation with Elizabeth Sikola, wife of John Sikola, during the time he was in possession of the twenty-foot strip, Blaser told her that after the payments for the land sold to Sikola had been completed he would give her the twenty-foot strip in question, and "that papers would be fixed to carry this out later." Before all payments were made—$50 still being due—John Sikola sold the property to defendant. Defendant received a deed for the property conveyed by Blaser to Sikola from the latter about June 1, 1907, using the same description by metes and bounds as that contained in the Blaser-Sikola deed, which did not include the twenty-foot strip. Blaser died in 1933, but shortly prior thereto had conveyed to his wife, Anna Blaser, together with other lands, this twenty-foot strip, and it is not disputed that the Blasers always paid the taxes on the land. At the time defendant bought the land from Sikola he obtained no abstract and had no survey made, but took Sikola's word that all of the fenced land, which included the twenty-foot strip, was the tract he had purchased. Blaser, living near by, made no objections to Sikola's use of the twenty-foot strip. The first change in the improvements on this strip, title to which is in dispute, was in 1921, when Godec erected a garage thereon, and thereafter built chicken coops and pens on the tract. He did not know that he was not paying the taxes on the land in controversy, and thought the twenty-foot plot was included in his deed. He testified at the time that if he had not entertained this belief he would not have erected buildings on the strip. His intention was to claim only what he thought he had purchased, and he always felt certain that the land in the enclosure belonged to him until the year before the trial, which was October 27, 1938. November 26, 1937, Anna Blaser conveyed the twenty-foot strip to plaintiff, who had some knowledge of the circumstances under which de-

fendant was claiming possession before the property was conveyed to him.

That Sikola's possession of the twenty-foot strip was permissive, and not antagonistic to Blaser, seems to be conceded. Counsel for defendant states—and this is not disputed—that the trial court was of the opinion that it was required to determine whether the permissive entry of Sikola was necessarily terminated by the subsequent entry of defendant. That this entry by Godec was sufficient to originate adverse possession is urged in his brief and seems to be the premise upon which the trial court found for defendant. That it did so also is inferred from the fact that it ignored the first act of defendant which might be considered as hostile to Blaser's title, which was building a garage on the strip in question in 1921. The evidence does not sustain any parol gift.

A statement of the law applicable to possession after permissive entry appears in 2 C. J. S., in section 216d, page 823, which reads as follows: "Where the original entry on land was amicable or in subordination to the rights of the true owner, as where it was by permission or license from the true owner, or by virtue of a mistake as to the boundary line, the possessor intending to claim only to the true line, possession will, in the absence of an explicit disclaimer of subservience, be presumed to continue as it began; and there is no presumption arising from mere possession, however long it many continue, that the holding is adverse. The presumption may, however, be overcome by evidence that the holding is adverse of which the true owner had notice or knowledge."

In *Evans v. Welch,* 29 Colo. 355, 68 Pac. 776, we had before us a somewhat analogous situation. As here, no conveyance of the legal title to a twenty-foot strip ever was made to any of the parties in possession thereof; which possession continued over a period of approxi-

mately thirty years. One of the defendants, Mary Welch, purchased lots 21 and 22, block 206, Denver, in March 1881, at which time a portion of the twenty-foot strip was enclosed with said lots by a fence, and also a frame house thereon extended partly over onto the strip in controversy. During her possession Welch built a small brick dwelling on the land enclosed by the fence, a part of which was a few feet over the line and upon the land title to which was in dispute. Whether possession of the strip by her predecessors was permissive or antagonistic is not disclosed by the record. Mary Welch testified that when she received the deed to the lots she believed that the property she was purchasing embraced all of the tract surrounded by the fence, and that she did not ascertain the truth until demand was made upon her for possession shortly before suit was instituted by the record owners in January 1898. So far as any possession by her of the strip in controversy was concerned, "it would seem that it was a mistaken one and not an intentional possession of property not belonging to [her] them." The opinion by Mr. Justice Campbell contains the following (pp. 359, 361, 362, 364):

"The legal title of the land in dispute standing in the name of John Evans upon the records and this fact being shown to the court, his heirs, as plaintiffs, were entitled to judgment unless the defendants showed that such title was extinguished. * * *

"We have examined with much care the entire record in this case, and are entirely convinced that, at least until possession was taken by Mrs. Welch in 1881, there is not any evidence whatever to show that the possession of any of the occupants was antagonistic or adverse to the legal title of John Evans. The presumption of law is that possession of property is in consonance, or harmony, with the rights of the true owner, and before any rights based upon possession or occupancy can

extinguish that legal title, it must be shown, among other things, that it was antagonistic.

\* \* \*

"Possession, however long continued, if with the permission of the true owner, will not operate to extinguish the legal title. \* \* \*

"It is incumbent upon one who relies upon an adverse possession to extinguish the legal title, to establish the necessary facts by clear and satisfactory evidence. All presumptions are in favor of the legal holder, and the burden of overcoming them rests with him who assails the legal title."

See, also, *City of Grand Rapids v. Pere Marquette Ry. Co.*, 248 Mich. 686, 227 N.W. 797; *Cameron v. Chicago, M. & St. P. Ry. Co.*, 60 Minn. 100, 61 N.W. 814; *Mattes v. Hall*, 28 Cal. App. 361, 152 Pac. 436; *Eaton v. Cates* (Mo.), 175 S.W. 950; *Peyton v. Waters*, 104 Kan. 81, 177 Pac. 525.

█ We do not agree with the evident holding of the trial court that when defendant, under a conveyance from Sikola, entered upon the property here in controversy, his possession necessarily was hostile and antagonistic to the holder of the legal title to the twenty-foot strip, and we hold, under the presented circumstances, that it was error to find the issues in favor of defendant. Where, as here, the entry upon land is permissive, only if and when it is shown by satisfactory evidence that possession of the entrant became antagonistic and hostile, with notice thereof to the owner or his successor, and thereafter such possession continues for the period required by law, can the defense of adverse possession prevail.

The judgment is reversed and the case remanded.

MR. CHIEF JUSTICE HILLIARD, MR. JUSTICE YOUNG and MR. JUSTICE BAKKE dissent.

The following specially concurring opinion was filed January 22, 1941.

MR. CHIEF JUSTICE FRANCIS E. BOUCK specially concurring.

In the reversal I concur. However, in view of the issues presented, showing that the plaintiff Cox was claiming to be the landlord of Godec, and under numerous previous decisions of this court, the title is not here involved within the meaning of section 25 of article VI of the Constitution of Colorado. The district court, to which the justice of the peace had certified the case in the belief that the title was necessarily involved, ought to have remanded the case to the justice for trial by him on the merits. Certification to the district court was justified neither under '35 C. S. A., volume 3, chapter 96, section 12, nor under '35 C. S. A., volume 3, chapter 70, section 9. *Klopfer v. Keller*, 1 Colo. 410; *Potts v. Magnes*, 17 Colo. 364, 30 Pac. 58; *Hamill v. Bank of Clear Creek County*, 22 Colo. 384, 45 Pac. 411; *Wise v. Schimmel*, 76 Colo. 184, 230 Pac. 786; *West v. Judd*, 103 Colo. 432, 86 P. (2d) 1081.