No. 19,080.

FREDERICK W. SEGELKE, ET AL. *v.* FRANK B. ATKINS, ET AL.
(357 P. [2d] 636)

Decided December 5, 1960.

Mr. WAINO W. JOHNSON, Mr. EARL W. HAFFKE, for plaintiffs in error.

Mr. JOHN E. BELL, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

THE parties to this writ of error are here in inverse order of their appearance in the trial court. We will refer to them as they there appeared, or by name.

The action was one to quiet title to a half section of land in Morgan County, Colorado, and was commenced by Frank B. Atkins and Dorothy M. Atkins against Frederick W. Segelke, William E. Segelke, Francis A. Segelke, Burlie E. Segelke, Wesley A. Segelke and all unknown parties who claim any interest in the subject matter of the action; The Atkins are the record title owners of the land by virtue of a deed from the heirs of Mary J. Walker, deceased, former owner of the property. By this deed to the Atkins the parties named as defendants in error other than Frank B. Atkins and Dorothy M. Atkins reserved mineral interests in the land and were made third parties defendant by Frederick W. Segelke as third party plaintiff. The defendants, other than Frederick W. Segelke, were his grantees of mineral interests in the land. In essence the action was between the Atkins as plaintiffs and Frederick W. Segelke as defendant. The issue as between these parties determined the rights of the mineral interest holders.

Frederick W. Segelke and his grantees by answer set up the claim of adverse possession for a period of more than eighteen years.

This issue of adverse possession was resolved in favor of plaintiffs by the trial court, and defendants bring error seeking reversal, urging that the trial court erred in finding that defendants failed to prove the necessary elements of adverse possession, and in the admission of certain testimony offered by plaintiffs.

It is fundamental that to prove adverse possession of real estate it must be shown that the possession was actual, adverse, hostile and under claim of right. It must be open, notorious, exclusive and continuous for the statutory period. *Loshbaugh v. Benzel,* 133 Colo. 49,

291 P. (2d) 1064; *Haymaker v. Windsor Reservoir & Canal Co.,* 81 Colo. 168, 254 Pac. 768. These requisites were found against defendants by the trial court. Where there was some conflict in the evidence which the court was required to evaluate in determining the issues, it was sufficient to support the findings and we are not at liberty to set aside its findings when, as here, they are sustained by competent and adequate evidence, amply appearing from the record.

■ The possession of Frederick W. Segelke originated upon his becoming a lessee of the land in question, hence he was there permissively. The mere lapse of time after a permissive entry obtained from one whose title is recognized by the lessee does not confer adverse or hostile title. 2 C.J.S. Adverse Possession, §87, p. 640. In this state we have held that where the original entry on land is permissive, notice or an explicit disclaimer must be given to the owner before the character of the possession becomes adverse. *Lovejoy v. School District No. 46,* 129 Colo. 306, 269 P. (2d) 1067; *Surface Creek Ditch & Reservoir Co. v. Grand Mesa Resort Co.,* 114 Colo. 543, 168 P. (2d) 906; *Cox v. Godec,* 107 Colo. 69, 108 P. (2d) 876.

■ Where an occupant of land acknowledges or recognizes the title of the owner during the period of his claimed adverse possession, he fatally interrupts the continuity of his adverse possession and the statute of limitations does not begin to run in his favor until he repudiates the owner's title. See *Wier Lumber Co. v. Eaves* (Tex. App.), 296 S.W. 481; *Minto v. Salem Water, Light & Power Co.,* 120 Ore. 202, 250 Pac. 722; *Honeyman v. Andrew, et ux.,* 124 Okla. 18, 253 Pac. 489; *Eddy v. Clayton,* 208 Miss. 257, 44 So. (2d) 395. 2 C.J.S. Adverse Possession, §149, p. 711.

In the case before us, offers by defendant to purchase the land were made in 1943 and twice in 1955. Recognition of title in another is inconsistent with the theory of adverse possession. Moreover it is shown by the record

that Frederick W. Segelke orally denied that he was claiming under adverse possession.

Further, certain of the plaintiffs made entries on the land; it was shown to prospective purchasers; was twice surveyed and stakes outlining the boundaries placed thereon. We are compelled to hold that adverse possession for the statutory period was not established by defendants.

We find no error in the admission of testimony on behalf of plaintiffs. Mrs. Propst [representative of the Walker heirs] testified positively concerning the leasing of the land and the receipt of rentals from Frederick W. Segelke. A letter dated May 16, 1943, written by the last named defendant was admissible not only to show an offer to buy the land from his lessor, but to impeach his testimony that he had no communication with the Propst family after 1936.

Finding no prejudicial error in the record, the judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.