Mr. Justice McWilliams
delivered the opinion of the Court.
This writ of error stems from a dispute as to the ownership of a more-or-less rectangular patch of ground consisting of .43 acre located on the outer edge of the Hermosa Cliffs Ranch in La Plata County, State of Colorado.
School District No. 9R, as the successor to School District No. 13, brought an action wherein it sought to quiet title to the aforementioned tract of land. School District No. 9R based its claim of ownership upon the allegedly adverse possession of the property in question for more than eighteen years' by School District No. 13. Alternatively, School District No. 9R sought reformation of a certain deed executed and delivered in 1909.
Named as defendants in this action were, among *469 others, William and Alice Oveson, who then owned the Hermosa Cliffs Ranch. The subject property is surrounded on three sides by the Hermosa Cliffs Ranch, and on its fourth side the subject property abuts upon the United States Highway No. 550. Before trial of this matter the Ovesons sold the Hermosa Cliffs Ranch to V. J. Hays and Boyd Hays, and the Hays brothers were duly substituted for the Ovesons as parties defendants.
Upon trial of this matter School District No. 9R offered evidence in support of its claim to ownership of the subject property through the adverse possession of the same for more than eighteen years by School District No. 13; as well as offering other rather limited evidence in support of its alternative claim for reformation.
It was the general position of the Hays brothers that it was they who held record title to the property in question and that School District No. 9R did not acquire title thereto by any adverse possession on the part of School District No. 13 and they, in turn, offered evidence in support of their contentions.
The trial court denied the claim of School District No. 9R for reformation, but at the same time quieted title to the subject property in the school district and decreed that the Hays had no right, title or interest therein. More specifically, the trial court held that there was continuous adverse possession of the subject property, first by School District No. 13 from 1909 to 1958, and then by School District No. 9R from 1958 to the date of the commencement of the present action. By writ of error the Hays now seek a reversal of the judgment and decree quieting title in the School District.
The central issue is whether there is evidence to support the trial court’s finding of adverse possession. It is the Hays’ position that there is no evidence to support this finding, and that actually the record reveals that the occupancy of this land, first by School *470 District No. 13, and then by School District 9R, was, at all pertinent times, of a permissive, and not an adverse, nature.
Background information developed upon the trial of this matter revealed that in the very early 1900’s a log school house was constructed on the property here in controversy, and that this particular school house was in continuous use by School District No. 13 till 1947. In that year the log school house was replaced by a new school building which was thereafter used by School District No. 13 till 1957. In 1957 the school was closed and the students were then bussed to Durango. And in 1958 there was a school reorganization effected whereby School District No. 13 became a part of School District No. 9R.
Upon trial it was established that during the summer months in 1956 School District No. 13 rented the property in question to one Berry, who at that time owned the Hermosa Cliffs Ranch. In 1960 School District No. 9R “sold” the subject property at a public sale, but thereafter “canceled” the sale when it discovered that it did not have record title thereto. Counsel for the Hays contend that these two events are the only evidence which in any manner would indicate that the possession of this land by either of the School Districts was ever adverse in character. But, say the Hays, such could only show adverse possession from 1956 on, and such could in no way establish adverse possession at any time prior to 1956. While it is true that the renting of the subject property in 1956, and the attempted sale of the property in 1960, cannot in and of themselves establish adverse possession antedating 1956, still those events can, and do, give substance and meaning, as well as corroboration, to events and happenings which did take place many years prior to 1956.
As already noted, the School District No. 13 did go into possession of the subject property in the early 1900’s and built a school house thereon. During all these *471 years the property in question had been fenced, though in later years the fencing fell into a state of disrepair. As might be expected, with the passing of some sixty years most persons having first-hand knowledge as to the nature of the School District’s initial occupancy of this property have now either moved away, or died, or in any event were otherwise unavailable to offer their testimony upon trial. From about 1905 till 1947, however, the property adjacent to, and surrounding, the subject property was owned, at different times, by different members of the Lechner family.
Upon trial Anthony Lechner testified that from 1917 to 1919 he was a member of the school board for School District No. 13 and the clear and unmistakable import of his testimony in this regard is that the School District claimed ownership of the tract of land upon which the school was located and that its occupancy thereof was adverse and not of any permissive nature. This same witness was also the record owner in 1920 of the land abutting the subject property, and he testified in this connection that he himself had never made any claim to ownership of the land in question and that as of that time, i e., 1920, he “conceded” that the tract was owned, not by him, but by the school district.
One Frank Lechner was the record owner and the person in possession of the land abutting on the subject property from about 1920 to 1947. Two witnesses testified that for this entire period of time Frank Lechner never made any claim to the ownership of this small tract of land upon which the school was located. Finally, one Joseph Lechner, who had lived in this area since 1891 testified that it was his personal understanding that originally the tract of land was either sold or donated to the School District, but that in any event the subsequent occupancy of this land by the School District was at all times under a claim of ownership.
 Without going into further detail, our analysis of the entire record leads us to the conclusion that there *472 is evidence to support the trial court’s finding of adverse possession, as the phrase “adverse possession” has heretofore been defined in numerous decisions of this court. And though the evidence bearing upon this issue of adverse possession is admittedly in conflict, we are simply not at liberty to set aside the trial court’s finding where, as here, there is evidence to support its determination. Segelke v. Atkins, 144 Colo. 558, 357 P.2d 636.
In this court the Hays also contend that even if it be determined that School District No. 13 did gain title to the land in question through adverse possession thereof for more than eighteen years, there was nevertheless no evidence to show that School District No. 9R had in any manner succeeded to such interest. This precise point, it should be noted, was not raised by the Hays in their motion for a new trial. Be that as it may, we have examined the record and are convinced that this argument is without merit. There is evidence that School District No. 13 was “brought into” School District No. 9R in 1958 by virtue of a school reorganization. By operation of law, then, the assets of School District No. 13 became the property of School District No. 9R., 1960 Perm. Supp., C.R.S. ’53, 123-25-28. And, as already noted, upon the trial of this case there was no contention that School District 9R had not lawfully succeeded to whatever interest School District No. 13 had in the property in question.
The judgment is affirmed.