Harry E. MILLER and Rebha Miller,
Plaintiffs–Appellants,

v.

J. Michael BELL, Don Bennett, G.
Mashburn, Robert Nonor and 7 M
Company, Defendants–Appellees.

No. 87CA1385.

Colorado Court of Appeals,
Div. IV.

Oct. 13, 1988.

Stern & Patrick, P.C., David M. Barton, Gunnison, and Karl Ranous Denver, for plaintiffs-appellants.

Russell & Wright, P.C., Wyatt B. Angelo, Gunnison, for defendants-appellees.

PLANK, Judge.

Plaintiffs, Harry E. and Rebha Miller, brought suit to quiet title by adverse possession. The trial court entered judgment in favor of the defendants. Plaintiffs appeal, and we affirm.

Plaintiffs and the defendant 7 M Company (Company) own contiguous cattle ranches in Gunnison County, Colorado. Plaintiffs' ranch has been owned and operated by the Miller family since 1916. The Company acquired ownership of its ranch by purchase in 1981.

The dispute between the parties focused on the ownership of Tracts I and I–A. The Company held record title to Tract I while record title to Tract I–A was held by the plaintiffs.

Plaintiffs' claim of ownership to Tract I derived from a parol agreement which was stipulated to have occurred between the parties' predecessors in title, Archer A. Miller and Lee Lehman, in 1920. The parol agreement involved an exchange of Tracts I and I–A, with plaintiffs' predecessors entering into use and possession of Tract I, and the Company's predecessors entering

into use and possession of Tract I–A. No deeds or writing of any kind were executed to document the terms of the exchange agreement, and the parties' claims of record title to the present have never reflected such exchange.

At trial, plaintiffs contended that the 1920 parol agreement was simply an oral land trade sealed by a handshake. The Company, however, contended that the parties' predecessors exchanged only the use of the two parcels. Thus, defendants alleged that the plaintiffs' predecessors' entry onto Tract I was permissive at its inception and the eighteen-year statute of limitation, § 38–41–101, C.R.S. (1982 Repl Vol. 16A), concerning recovery of real property by adverse possession never started to run.

The parties stipulated that the nature and character of the entry, possession, use, and claims of the Millers and their predecessors as to Tract I would be determined by the 1920 agreement, whatever the trial court determined that agreement to have been.

The trial court determined that the evidence supporting the plaintiffs' assertion that the agreement was for an exchange of ownership was sketchy and inconclusive. Further, the court found the plaintiffs' contentions were contradicted by their actions and declarations with respect to the property in question. As a result, the trial court quieted title to Tract I in the defendant Company, and Tract I–A in the plaintiffs.

Plaintiffs contend that the trial court erred in failing to apply the presumption of adversity to which they were entitled after they had established that they had been in actual, exclusive, and continuous possession of Tract I in excess of the statutory period. We disagree.

■ Title by adverse possession requires proof by clear and convincing evidence that possession was actual, adverse, hostile, and under a claim of right and that it was exclusive and uninterrupted for the statutory period. *Raftopoulos v. Monger*, 656 P.2d 1308 (Colo.1983). Claimants seeking to establish title to land by adverse possession have the burden of proving their claim. An initial presumption favors the record title holder as against the adverse possession claimant. *Haaren v. More*, 525 P.2d 475 (Colo.App.1974) (not selected for official publication).

■ The core issue here is how much evidence the plaintiffs had to present to establish each of the elements of their claim. Citing *Raftopoulos v. Monger, supra,* the plaintiffs contend that Colorado has recognized that a presumption of adversity arises after the claimant has demonstrated that he has been in actual and exclusive possession of the property for the statutory period. While we do not dispute that this is a correct statement of law, we find the presumption is inapplicable to the facts as presented here.

The presumption of adversity arises only if permissive entry is not at issue.

" 'Where the original entry on land ... was by permission or license from the true owner ... possession will, in the absence of an explicit disclaimer of subservience, be presumed to continue as it began; and there is no presumption arising from mere possession, however long it may continue, that the holding is adverse....' "

*Cox v. Godec,* 107 Colo. 69, 108 P.2d 876 (1940).

■ Further, if the original entry on land is permissive, notice or an explicit disclaimer must be given to the owner before the character of the possession becomes adverse. *Segelke v. Atkins,* 144 Colo. 558, 357 P.2d 636 (1960). Hostile intent is to be determined not only from the declarations of the parties but from reasonable deductions from the facts as well. *Anderson v. Cold Spring Tungsten, Inc.,* 170 Colo. 7, 458 P.2d 756 (1969).

■ Here, the trial court determined that the plaintiffs' entry onto and use of Tract I derived from permission given by the defendants' predecessors. The trial court determined that the plaintiffs failed to show that their entry was adverse and hostile, and thus, the eighteen-year statute of limitations never began to run.

Because the evidence concerning the nature of the 1920 agreement and the intentions of plaintiffs with respect to their occupancy of Tract I was conflicting, the trial court found the most reliable indication of the parties' true intention to be their behavior before the controversy arose. As found by the trial court on supporting evidence, plaintiffs and their predecessors have consistently denied ownership to Tract I while claiming ownership of Tract I–A. This is evidenced by record title, estate tax returns, bank loans, and land appraisals done by or for the plaintiffs that mention Tract I–A while making no reference to Tract I. Where, as here, the trial court's findings are sustained by competent and adequate evidence in the record, resolution of evidentiary conflicts is for the trial court, and we are not at liberty to set aside its findings. *Segelke v. Atkins, supra.*

The trial court did not err in concluding that plaintiffs failed to prove the necessary elements of adverse possession.

We have considered the other assignments of error and find them to be without merit.

JUDGMENT AFFIRMED.

BABCOCK and NEY, JJ., concur.