The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Mansfield KING, Jr., Defendant,

and

Concerning Cynthia Johnson,
Surety, Appellant.

No. 94CA2208.

Colorado Court of Appeals,
Div. II.

Jan. 25, 1996.

Rehearing Denied March 21, 1996.

Certiorari Denied Oct. 15, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, and Eric V. Field, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Law Offices of Leonard M. Chesler, Ben Klein, Denver, for Appellant.

Opinion by Judge PLANK.

Cynthia Johnson (surety) appeals from the judgment of forfeiture entered on the appearance bond posted by surety on behalf of defendant, Mansfield King, Jr. We affirm.

In August 1994, defendant was arrested and charged with possession of and intent to distribute a controlled substance. On August 30, 1994, surety posted a bond on defendant's behalf in the amount of $2,500 to secure his appearance in court on September 13, 1994.

After defendant failed to appear on the scheduled date, the trial court ordered the bond forfeited and issued a warrant for defendant's arrest.

The trial court clerk then prepared and sent to defendant and to surety a notice to appear on October 14, 1994, to show cause why judgment should not enter against them on the bond forfeiture. There is conflicting evidence in the record as to when the clerk actually sent the notice. The certificate of mailing on the notice indicates it was mailed on September 13, 1994. However, certified mail receipts show surety did not receive the notice until September 27, 1994. Furthermore, the envelope containing the notice bears postmarks of September 26 and 27, 1994.

On October 14, 1994, the trial court ordered that judgment be entered against the sureties but stayed execution of the judgment until November 15, 1994. On November 16, 1994, the trial court, in a written order, entered judgment on the bond. Subsequent procedural attacks on the judgment in the trial court failed, and this appeal followed.

Surety contends that the clerk failed to send the notice of order of forfeiture within ten days as required under § 16–4–109(2), C.R.S. (1995 Cum.Supp.) and that the trial court, therefore, erred in entering judgment on the forfeiture and in declining to set aside the judgment. We conclude that there was sufficient evidence to support a determination that the notice was timely sent. Alternatively, we conclude that, even if the notice of forfeiture was untimely sent, the trial court did not err in entering judgment on the forfeiture or in refusing to vacate such judgment.

Section 16–4–109(2) provides that when a defendant under bond fails to appear in accordance with the primary conditions of the bond, the court shall declare a forfeiture. It further provides that:

> [N]otice of the order of forfeiture shall be mailed by the court to the defendant, all sureties, and all depositors or assignees of any deposits of cash or property, if such sureties, depositors, or assignees have direct contact with the court, at their last known address. Such notice shall be sent within ten days after the entry of the order of forfeiture.

■ As noted above there is evidentiary conflict concerning the date of mailing of the notice. However the probative effect and weight to be given this conflicting evidence were matters for resolution by the trial court, *see Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979), and because there is evidence in the record to support the trial court's decision, we will not disturb it on appeal. *See Miller v. Bell,* 764 P.2d 389 (Colo.App.1988).

Alternatively, even if we were to conclude that the clerk sent the notice more than ten days after the order of forfeiture, we are, nevertheless, unpersuaded that such late transmission would here justify remission of the bond to surety.

■ Judgment on an order of forfeiture cannot be entered until notice and an opportunity to be heard have been given to the defendant and the surety. *Moreno v. People,* 775 P.2d 1184 (Colo.1989).

In *Moreno,* the court analyzed an earlier version of the notice provision of § 16–4–109(2) which required "forthwith" notice, as well as similar provisions in §§ 16–4–103(3) and 16–4–110, C.R.S. (1986 Repl.Vol. 8A). The court determined that the purpose of these provisions was to inform any interested surety that defendant had failed to appear and that forfeiture had entered, to advise of the date when a show cause hearing would be conducted under § 16–4–110, and to allow any sureties involved to prove statutory grounds available for setting aside the order of forfeiture.

The *Moreno* court considered § 16–4–109(3), C.R.S. (1936 Repl.Vol. 8A) which permits a bond forfeiture to be set aside only "if it appears that justice so requires." It concluded that, in the event a court's clerk fails to mail notice in strict compliance with the time provisions of § 16–4–109(2), § 16–4–109(3) requires a surety to demonstrate resulting prejudice and that such prejudice is not presumed. Hence, the court concluded that, absent such a showing by the surety, the forfeiture should not be set aside.

■ Here, even if we assume the notice was sent several days late, there is nothing in

the record indicating that surety suffered, or even alleged, any resulting prejudice. Indeed, surety cannot dispute that she received the notice at least seventeen days prior to the show cause hearing. Moreover, the record reflects that a representative of surety actually appeared at the October 14, 1994, show cause hearing.

Further, the record reveals no indication that surety provided the trial court with any facts which might support the statutory methods by which an order of forfeiture may be set aside, *see* § 16–4–108(1), C.R.S. (1986 Repl.Vol. 8A); § 16–4–108(1)(b.5), C.R.S. (1995 Cum.Supp.); §§ 16–4–109(2) and 16–4–109(3), C.R.S. (1986 Repl.Vol. 8A); *People v. Caro*, 753 P.2d 196 (Colo.1988), or by which a judgment of forfeiture may be vacated. *See* § 16–4–109(4), C.R.S. (1995 Cum.Supp.); C.R.C.P. 59; C.R.C.P. 60.

Under these circumstances, we conclude that, even if the clerk sent the notice of forfeiture several days late, the trial court acted properly in entering judgment on the forfeiture and in refusing to vacate the judgment.

The judgment is affirmed.

HUME and MARQUEZ, JJ., concur.