## No. 8777.

### CHERRICHIGNO ET AL. *v*. DICKINSON ET AL.

WATER RIGHTS—*Conveyance of Land with Water Right*, from a ditch owned by the grantor, confers upon the grantee an easement both in the ditch and the way thereof. Subsequent purchasers from the grantor take subject to the easement, and may be enjoined from making a change in the ditch to the prejudice of the grantee.

*Error to Adams District Court, Hon. H. S. Class, Judge.
Department.*

Mr. S. W. JOHNSON and Mr. CHAS. E. FRIEND, for plaintiffs in error.

Mr. GEO. B. CAMPBELL, for defendants in error.

Opinion by Mr. Justice Teller.

PLAINTIFFS in error were plaintiffs in an action to prevent the defendants in error from destroying the Manhart Ditch, on defendants' land, from which ditch the plaintiffs obtained water for irrigating their lands.

Plaintiffs' lands were conveyed to them by one Lang, who conveyed also to them a specified quantity of water from the Manhart Ditch, together with the right of way for laterals across his land.

Some years later Lang conveyed to the defendants a tract of land across which the Manhart Ditch runs, and on which said laterals are located. In the meantime, plaintiffs had been taking water through said laterals.

The defendants, some time after their purchase of said land, destroyed the old ditch, and rebuilt it on a side hill, farther from plaintiffs' lands than the ditch was originally, and where it had been for over twenty years.

The court found that the plaintiffs had no title to a right of way for laterals, or right to any certain line or course for them, and that the defendants had the right to change the course of said ditch as they might see fit. Injunctive relief against defendants changing the course of said ditch, or the laterals therefrom, and damages, were therefore denied to plaintiffs.

The decree covered several other matters in controversy which need not be considered, as the denial of the relief above named is the basis of the attack on the decree.

The holding that the defendants might change the course of the Manhart Ditch as they saw fit is in direct conflict with the decisions of this court, as well as of other courts.

When Lang conveyed to the plaintiffs a specified quantity of water in the ditch, no question being made that he owned

the ditch and water rights therein, they acquired an easement in the ditch, including the right of way therefor. *Grand Valley Irr. Co. v. Lesher,* 28 Colo. 273, 65 Pac. 44; *Arthur Co. v. Strayer,* 50 Colo. 371, 115 Pac. 724. The defendants, being subsequent purchasers from Lang, took their land subject to said easement. *Rogers v. Ditch Co.,* 165 Pac. 248. They had no right, for their own convenience or profit, to change the location of the ditch, or to do anything which interfered with the vested rights of the plaintiffs therein.

In *Graybill v. Corlett,* 60 Colo. 551, 154 Pac. 730, we held that the owner of land, over which an adjoining owner took water through a ditch, located and maintained thereon by permission of a former owner thereof, could not change the course of said ditch without the consent of the party entitled to water from it.

The principle therein announced applies to this case.

The judgment is accordingly reversed with directions for such proceedings in the district court as are in harmony with the views herein expressed.

Judgment reversed.

Mr. Justice Hill and Mr. Justice Scott concur.