No. 15,102.

BROWN ET AL. *v.* BRADBURY.
(135 P. [2d] 1013)

Decided March 29, 1943.

Mr. ROBERT B. LEE, for plaintiffs in error.

Mr. HORATIO S. RAMSEY, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFFS in error, who were plaintiffs below, to whom we hereinafter refer as the Browns, brought an action in equity to compel defendant in error Bradbury

to reconstruct and restore to its former condition and location a ditch across Bradbury's land which Bradbury had replaced with a new one. The trial court held for Bradbury generally, and while it did not decree that he reconstruct and restore the old ditch, it did impose upon him the positive duty of eliminating certain curves in the new ditch, and to repair, maintain and keep it in such condition as to insure the delivery of the same amount of water to the Browns as had theretofore been conveyed through the old conduit.

In seeking reversal, the Browns urge an alleged reservation of the old ditch across Bradbury's land in their warranty deed to him. The parties lived on adjoining tracts and at the time of the conveyance the old ditch ran across the tract which Bradbury purchased. After Bradbury acquired his tract he filled up the old ditch and built the new one, which, instead of being constructed across the middle of his land, followed along the side and road to the point where it entered the Browns' land. The alleged reservation does not appear in the record, but since counsel for Bradbury admit the easement, that matter becomes immaterial to our consideration.

The only legal point we are called upon to determine is whether the Browns had an unqualified legal right to have the ditch remain in its original location or, stated in another way, whether under the circumstances disclosed Bradbury was justified in constructing the new ditch.

The record discloses the following situation: That the old ditch ran almost through the center of Bradbury's tract, interfering with the proper landscaping and best utility of his land; that the old ditch had not been cleaned for a long time; that it was so near the house that Mrs. Bradbury was fearful that their small son might fall into it and be drowned; that the new ditch was built along the right of way (reserved in Bradbury's deed); and that the water therein was conveyed onto the Brown land in the same or increased quantity as before.

The Browns admit that any damage is "insignificant and immeasureable." They pleaded irreparable injury in their complaint but there is proof of none. Expert testimony showed that the new ditch was equal in efficiency to the old one for the purpose intended, viz., the conveyance of the water to which the Browns were entitled for their land. Bradbury moved the road to the thirty-foot strip specified in his deed, and he desired to have the ditch run along the road. His counsel showed Mr. Brown, Sr., a letter which he (counsel) claimed to have written to Brown advising him of their intention to move the ditch. Brown did not deny receiving the letter, although he testified: "I don't know as I have ever seen this." Bradbury testified that he had talked to Brown, and that there was no objection, "provided I did not put in a culvert so I could get in my garage."

The above is sufficient to indicate that the trial court did not abuse its discretion in approving the moving of the ditch. That courts of equity have this power is not open to question. 67 C.J. 907.

Counsel on both sides rely on the case of *Stuart v. County Commissioners,* 25 Colo. App. 568, 580, 139 Pac. 577, and since it is very much in point, we quote therefrom as follows: "Davis had neither a legal nor an equitable right, as against the plaintiff, to destroy * * * said ditch, or to substitute a buried pipe therefor, without providing for plaintiff other adequate and satisfactory means for receiving his water from said carrier so that his lands could be advantageously irrigated as prior to said change, *or* complying with the terms as contained in the proposed agreement submitted by the plaintiff, *or* without his consent or acquiescence after having full knowledge of the facts." Citing cases.

In the case at bar, assuming that the evidence was insufficient to sustain the last two of the above disjunctives, the evidence clearly shows that Bradbury provided "other and satisfactory means for receiving his [Brown's] water."

In placing the burden of maintenance on Bradbury, we are of the opinion that the court was extremely fair and that it rightly adjudicated the controversy.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BURKE and MR. JUSTICE JACKSON concur.