Thomas W. MOORE, Plaintiff-Appellee,

v.

Russell N. DeBRUINE, and Pathfinder of Colorado, Inc., Defendants-Appellants.

No. 80CA0596.

Colorado Court of Appeals, Div. I.

July 2, 1981.

No appearance for plaintiff-appellee.

Bealmear & Austin, P. C., Robert L. Bealmear, Aurora, for defendants-appellants.

VAN CISE, Judge.

Defendants, Russell N. DeBruine and Pathfinder of Colorado, Inc., appeal the denial of their motion for attorney's fees pursuant to §§ 13–17–101 and 13–17–102, C.R.S.1973 (1980 Cum.Supp.), following the voluntary dismissal on the second day of trial by plaintiff, Thomas W. Moore, of his personal injury action against defendants. We reverse.

The plaintiff instituted this action against defendants, seeking damages for personal injuries, medical expenses, and lost income, allegedly caused by defendants' negligence resulting in a two-car accident in Wisconsin in 1978. The matter came on for trial to a jury in March 1980.

During the first day of the trial, plaintiff testified concerning the details of the accident, the injuries he had incurred, the treatment administered, his pain and suffering, his medical, hospital, and therapy expenses to date and in the future, and his loss of earnings. Then, on cross-examination, he was asked about testimony given by him in May of 1979 when his deposition was taken in a different action brought by him against parties allegedly responsible for injuries incurred by him in a 1977 automobile accident in Nebraska. In that deposition he had been interrogated about the 1978 Wisconsin accident. He had stated that this was "a little fender-bender," that he had not been injured in any way as a result of this accident, and that he had not filed a claim with anybody for any injuries or for lost wages resulting from this 1978 Wisconsin accident and did not intend to.

The following morning, stating that, in view of the deposition in the Nebraska case, he did not believe his client would prevail in the present action, plaintiff's counsel moved to dismiss the complaint with prejudice. Defendants' attorney stated that his clients did not object to the dismissal, but that they would have a motion to present thereafter. Judgment of dismissal was entered.

Defendants then moved the court to make appropriate findings and orders for attorney's fees and costs in a frivolous action pursuant to § 13–17–101, C.R.S.1973 (1980 Cum.Supp.). In arguing for his motion, defendants' attorney stated that the deposition came into his possession only a month before the trial. The court denied the motion on the grounds that attorney's fees had not been requested in any pleading filed by the defendants, and that opposing counsel had not been notified in advance.

Thereafter, defendants filed a motion asking the court to alter or amend its original order, to grant a hearing on whether plaintiff's action was frivolous or groundless, and, if found to be such, to allow defendants to present evidence as to their reasonable attorney's fees and costs incurred in the defense of the action. After legal argument as to whether defendants were entitled to such a hearing, the motion was denied.

On appeal, defendants contend that this court should determine as a matter of law that plaintiff's action was frivolous or groundless and that defendants are entitled to attorney's fees regardless of the fact that the claim for attorney's fees was not pled. Further, they request that this matter be remanded to determine the amount of attorney's fees to be awarded for the trial and these appellate proceedings.

Section 13–17–101, C.R.S.1973 (1980 Cum. Supp.) provides that subject to the provisions of subsections (2) and (3), the court shall award reasonable attorney's fees in any suit involving money damages. Subsection (3) provides:

"the court shall not award attorney fees among the parties unless it finds that the bringing, maintaining, or defense of the action against the party entitled to such award was frivolous or groundless. The court must make findings either affirmative or negative as to the matters set forth in this subsection (3)."

Also, the general assembly provided in § 13–17–102(1), C.R.S.1973 (1980 Cum. Supp.), that:

"The determination of whether or not a person is entitled to receive reasonable attorney fees and the amount which constitutes a reasonable award of an attorney fee in a given case shall be made by the court .... The court may exercise its discretion in determining whether attorney fees are to be awarded and as to the amount thereof so that manifest injustice may be avoided. When such discretion is exercised, the reasons therefor shall be specifically stated in the judgment or order of court. The following factors among others shall be taken into consideration in making such determinations:

"(a) In the case of parties claiming adversely to a person entitled to attorney fees under section 13–17–101(1), the extent of any efforts made to determine the truth of such adverse claim before making such claim or during pretrial proceedings or both;

"(b) The extent to which a party has made available facts to indicate his nonliability for any money damages;

"(c) The financial conditions of the parties;

"(d) That a particular party has prosecuted or defended the case in bad faith or abused the procedures set forth in the Colorado rules of civil procedure;

"(e) Whether there were issues of fact determinative of such person's liability concerning which evidence was in conflict."

The trial court made no findings, and no evidence was taken other than that produced during the course of the first day of trial or included in pleadings or counsel's admissions. The court based its ruling entirely on the fact that, although defendants' counsel knew about the deposition a month before trial, he did not make this information available to opposing counsel until using it at the trial. This factor, included under (b) above, may be sufficient to limit an award of attorney's fees to the period prior to defense counsel's obtaining his information, but standing alone would not suffice to deny any award.

Additional facts are needed before a court can make the determination required under § 13–17–101(3), C.R.S.1973 (1980 Cum.Supp.), and it will require an evidentiary hearing involving more than the present record to arrive at those facts. Accordingly, the judgment denying attorney's fees is reversed, and the cause is remanded to the trial court for further proceedings. In the event the court should find that defendants are entitled to an award of attorney's fees for any portion of the proceedings in the trial court prior to this appeal, then the court shall also determine and award a reasonable fee for the appellate proceedings and for the proceedings after remand. Section 13–17–103, C.R.S.1973 (1980 Cum.Supp.).

COYTE and SMITH, JJ., concur.