**Henry E. ZARLENGO and Helene C. Zarlengo, Plaintiffs-Appellants and Cross-Appellees,**

v.

**Jack L. FARRER, Sr., Barbara Z. Farrer and Jack L. Farrer, Jr., Defendants-Appellees and Cross-Appellants.**

No. 82CA0358.

Colorado Court of Appeals,
Div. II.

Feb. 16, 1984.

Rehearing Denied March 29, 1984.

Certiorari Denied July 16, 1984.

C.J. Berardini, P.C., Denver, for plaintiffs-appellants and cross-appellees.

Joseph W. Opstelten, P.C., Lakewood, for defendants-appellees and cross-appellants.

BABCOCK, Judge.

Following trial to the court on a claim for taxes due and past due rent pursuant to a business lease, judgment was entered in favor of plaintiffs, Henry E. and Helene C. Zarlengo (landlords), and against defendants, Jack L. Farrer, Sr., Barbara Z. Farrer, and Jack L. Farrer, Jr. (tenants) on their tax claim and against landlords in favor of tenants on landlords' claim for past due rent. On appeal, landlords contend that the trial court erred in denying their claim for prejudgment statutory interest on the taxes and in entering judgment against them on their claim for past due rent. Tenants cross-appeal, asserting that the trial court erred in denying their claim for attorney fees.

I. Landlords' Appeal

By letter dated March 27, 1979, landlords notified tenants that taxes were due and owing pursuant to the lease and that rent was due and owing for the period of November 1, 1976, through March 31, 1979. In April 1979, tenants tendered a package of checks to landlords for payment of the undisputed amount of taxes in full and the amount of past due rent as calculated by tenants. Because of a dispute as to the amount of past due rent, landlords refused to accept the checks, returned them to tenants, and filed this suit.

Landlords first contend that the trial court erred in ruling that the tenants' tender of the full amount of taxes due prohibited recovery of interest thereon. We disagree.

 If an amount is due on a written instrument, the obligee thereon is entitled to statutory interest, unless there exists some reason precluding such recovery. *See Harvey v. Denver & Rio Grande R.R.,* 56 Colo. 570, 139 P. 1098 (1914). We hold that because the obligation to pay taxes is severable from the duty to pay rent, tenants' tender of the undisputed amount of taxes to landlords is sufficient reason to toll the accrual of interest under the statute from the date of tender.

Landlords next assert that the trial court erred in finding that they waived their right to additional rents claimed pursuant to the lease. Again, we disagree.

 From November 1976 until March 1979, landlords accepted the amount of rent paid by tenants without notice that the base rent, as calculated by a formula set forth in the lease, had increased. The landlords neither objected to the amount paid nor attempted to enforce the rental provisions of the lease until the tenants notified landlords of their intent to assign the lease in March 1979.

Based upon findings reflecting these facts, which are supported by the record, the trial court concluded that the landlords

had waived their right to additional rents. We agree. *Kimmick v. Santilli,* 42 Colo. App. 341, 596 P.2d 1223 (1979). And, with respect to the non-waiver clause contained in the lease, the trial court correctly concluded that it was inapplicable to the issues involved herein. *See Woods v. Monticello Development Co.,* 656 P.2d 1324 (Colo.App. 1982). Therefore, the trial court's ruling will not be disturbed on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

## II. Tenants' Cross-Appeal

In their answer, tenants affirmatively sought attorney fees under § 13–17–101, C.R.S. (1983 Cum.Supp.). In summarily denying tenants' claim for attorney fees, the trial court refused to admit evidence as to attorney fees incurred by tenants and failed to make findings of fact and conclusions of law with respect to their claim. In their cross-appeal, tenants assert that this constitutes error. We agree.

 Tenants gave notice of their claim for attorney fees by specifically pleading the statute in their answer. *See Mission Denver Co. v. Piersen,* 674 P.2d 363 (Colo. 1984). Where, as here, a party places in issue a claim for attorney fees pursuant to § 13–17–101, et. seq., C.R.S. (1983 Cum. Supp.), that party has the right to, and the trial court has a duty to conduct, a hearing upon that claim. Section 13–17–101(3), C.R.S. (1983 Cum.Supp.) requires that the trial court then enter findings of fact and conclusions of law as to whether the claim or defense is "frivolous" or "groundless." *See International Technical Instruments, Inc. v. Enginerring Measurements Co.,* 678 P.2d 558 (Colo.App.1983); *Moore v. DeBruine,* 631 P.2d 1194 (Colo.App.1981). And, if a claim or defense is deemed to be frivolous or groundless, the trial court must make findings of fact sufficient to justify the amount of attorneys fees awarded, if any. Section 13–17–102, C.R.S. (1983 Cum.Supp.).

The judgment of the trial court upon landlords' claim for taxes and interest thereon is affirmed. The judgment of the trial court in favor of tenants upon landlords' claim for rent is affirmed. The judg-ment denying attorney fees is reversed, and the cause is remanded with directions to conduct a hearing upon tenants' claim for attorney fees in accordance with the views expressed in this opinion. In the event the trial court should find that tenants are entitled to an award of attorney fees for any portion of the proceedings in the trial court, then it shall determine and award a reasonable fee for these appellate proceedings and for the proceedings after remand. Section 13–17–103, C.R.S. (1983 Cum.Supp.); *Moore v. DeBruine, supra.*

SMITH and TURSI, JJ., concur.