**Carmen ALESSI, Plaintiff-Appellant and Cross-Appellee,**

v.

**Charles HOGUE and Margaret Hogue, Defendants-Appellees and Cross-Appellants.**

**Nos. 83CA0049, 83CA0272.**

Colorado Court of Appeals, Div. II.

March 15, 1984.

Rehearing Denied May 10, 1984.

Certiorari Denied Oct. 9, 1984.

Ratcliffe & Chamberlin, Drew Johnroe, Steamboat Springs, for plaintiff-appellant and cross-appellee.

Sharp & Black, Joel S. Thompson, Richard T. Casson, Steamboat Springs, for defendants-appellees and cross-appellants.

BABCOCK, Judge.

Plaintiff, Carmen Alessi, appeals the judgment of quiet title entered by the trial court in favor of defendants, Charles and Margaret Hogue, upon their counterclaim. Defendants cross-appeal the trial court's denial of their post-judgment claim for attorney fees under § 13–17–101, et seq., C.R.S., incurred in defense of plaintiff's claim for libel and slander. We affirm in part, reverse in part, and remand for further proceedings.

### I.

Plaintiff contends that the evidence is insufficient to support the trial court's judgment of quiet title in favor of defendants. We disagree.

The trial court found that defendants' possession was open, notorious, exclusive, and continuous for the requisite statutory period and concluded that such possession was actual, adverse, hostile, and under claim of right. *See Segelke v. Atkins,* 144 Colo. 558, 357 P.2d 636 (1960). The findings of the trial court, being fully supported by the record, are binding on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Plaintiff's remaining contentions of error with regard to evidentiary rulings by the trial court are without merit.

### II.

Plaintiff also asserts that the trial court erred in concluding that his claim for libel and slander was groundless and frivolous. Because of our disposition of defendant's cross-appeal, we address this issue.

We first note that the exhibits introduced by the plaintiff at trial upon this claim were not certified as part of the record in this case. The burden is on the appellant to provide a record justifying reversal, and absent such a record, we presume the regularity of the trial court proceedings. *Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983). Moreover, it is our duty to search the record for evidence most favor-

able to the decision of the trial court, which decision will not be disturbed unless so clearly erroneous as to find no support in the record. *Peterson v. Ground Water Commission,* 195 Colo. 508, 579 P.2d 629 (1978).

 We conclude as a matter of law that the claim was frivolous. *See International Technical Instruments, Inc. v. Engineering Measurements Co.,* 678 P.2d 558 (Colo.App.1983).

### III.

On cross-appeal the defendants contend that the trial court, having found the libel and slander claim of plaintiff to be frivolous, erred in failing to conduct a hearing to determine the amount of attorney fees, if any, attributable to the defense of this claim. We agree.

The trial court took no evidence and made no findings relative to the factors set forth in § 13–17–102(1), C.R.S. Rather, it based its ruling entirely upon the interrelationship of the claims in plaintiff's complaint. *See Moore v. DeBruine,* 631 P.2d 1194 (Colo.App.1981).

Interrelationship of claims or defenses may present a problem of proof for the party against whom a frivolous or groundless claim or defense has been made. However, we hold that such factor alone will not suffice to deny an award and deprive the prevailing party of an opportunity to establish a reasonable proration of attorney fees incurred relative to the defense of a frivolous or groundless claim. *See Moore v. DeBruine, supra.*

Having correctly concluded that the libel and slander claim of plaintiff was frivolous, an evidentiary hearing is required to develop facts sufficient for the trial court to exercise its discretion in accordance with § 13–17–102, C.R.S. *Zarlengo v. Farrer,* 683 P.2d 1208 (Colo.App.1984).

Accordingly, the judgment quieting title in defendants is affirmed. The judgment denying attorney fees is reversed, and the cause is remanded to the trial court for further proceedings. In the event the court should find that the defendants are entitled to an award of attorney fees for any portion of the proceedings in the trial court prior to this appeal, the trial court shall also determine and award a reasonable fee for the appellate proceedings and the proceedings upon remand. Section 13–17–103, C.R.S. (1980 Cum.Supp.).

BERMAN and KELLY, JJ., concur.