George HUNTER, Plaintiff–Appellant,

v.

COLORADO MOUNTAIN JUNIOR
COLLEGE DISTRICT,
Defendant–Appellee.

No. 89CA1306.

Colorado Court of Appeals,
Div. I.

Dec. 6, 1990.

Law Offices of George C. Price, George C. Price, Denver, for plaintiff-appellant.

Beattie & Chadwick, Glenn D. Chadwick, Glenwood Springs, for defendant-appellee.

Opinion by Justice HODGES *.

The only issue on this appeal is whether the district court conducted an appropriate hearing before denying the request for attorney fees of plaintiff, George Hunter. We conclude that the trial court's hearing conducted as to several issues, including the request for attorney fees, was sufficient and we affirm.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

In 1983, Colorado Mountain Junior College (CMC) terminated the employment contract of plaintiff. Following an extensive series of hearings and trials before administrative and judicial tribunals, plaintiff appealed to the district court from a final agency action in which the termination of his employment was upheld.

Upon appeal to the district court, both parties submitted briefs addressing the issues, including whether the trial court should, in its discretion, award plaintiff attorney fees based upon an allegedly frivolous finding of the agency. Plaintiff also requested oral argument on the issues, which was granted.

Subsequently the trial court issued its opinion and judgment which incorporated its findings of fact and conclusions of law. On the merits, plaintiff prevailed and was reinstated to his former status as a CMC faculty member with full salary from the date of his termination. With respect to his request for attorney fees, the court found that CMC's action was neither frivolous nor groundless, and it denied plaintiff's request therefor.

Plaintiff now contends that the trial court erred when it denied his request for attorney fees because a separate hearing was not held on that specific issue. We disagree.

■ The party asserting a trial court error bears the burden of presenting a record which discloses the error. *Trosper v. Wilkerson*, 764 P.2d 375 (Colo.App.1988). Regardless of whether that burden is met, we are bound by the record when determining whether the trial court's ruling was correct. *Colorado National Bank–Boulder v. Zerobnick & Sander, P.C.*, 768 P.2d 1276 (Colo.App.1989).

■ If a cause of action or an appeal to a trial court is found to be frivolous and the court awards attorney fees, the record on appeal on this issue must reflect a hearing at which evidence is presented regarding the amount and reasonableness of the attorney fees sought to be awarded. *Pedlow v. Stamp*, 776 P.2d 382 (Colo.1989).

■ Here, the record discloses that a hearing was held at which the court considered arguments relative to all issues on appeal, including plaintiff's request for attorney fees. Although the record does not contain a transcript of the hearing, we note that the district court's seven-page opinion and judgment contains an extensive analysis of prior administrative hearings and evidence, the appeals to the district court, and the issues addressed. Under these circumstances we must presume that the district court's finding and conclusion denying the award of attorney fees was fully supported. *Kaneco Oil & Gas v. University National Bank*, 732 P.2d 247 (Colo.App. 1986).

Moreover, we do not agree with the contention that the trial court is duty-bound to conduct a separate hearing on the issue of attorney fees before it may deny a request therefor.

■ A hearing must be conducted to determine the factual question of whether an action or defense is frivolous. *Board of County Commissioners v. Auslaender*, 745 P.2d 999 (Colo.1987); *Zarlengo v. Farrer*, 683 P.2d 1208 (Colo.App.1984). However, there is no requirement, statutory or otherwise, that such a hearing must be devoted exclusively to the issue of attorney fees. *See* § 13–17–101, et seq., C.R.S. (1990 Cum.Supp.).

This is not a case in which a hearing was not held before the court denied a party's request for attorney fees. Here, a hearing was conducted at which the parties possessed the opportunity to present, and the court was prepared to consider, evidence regarding plaintiff's request. It additionally provided the party against whom the motion was directed with the opportunity to controvert the motion.

Inasmuch as the trial court proceeding at issue fulfilled the primary purposes underlying a hearing, *see Board of County Commissioners v. Auslaender, supra,* we conclude that it satisfies the hearing requirement set forth in *Zarlengo* and its progeny.

The order of the trial court is affirmed.

PIERCE and PLANK, JJ., concur.