951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stephen HARRISON; Patricia Harrison; and Stonebridge
Management, Inc., Plaintiffs-Appellants,
v.
Alwyn F. LUSE, Defendant-Appellee.
 No. 91-1186.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs and their counsel appeal a judgment awarding attorney fees for instituting frivolous defamation litigation.
 
 
 3
 Plaintiffs filed an action in state court for defamation and interference with contract based on letters Defendant sent to condominium owners.
 
 
 4
 Defendant removed the case to federal court based upon diversity and counterclaimed under Colorado statute[1] for attorney fees and costs for bringing a frivolous and groundless action.
 
 
 5
 Plaintiffs thereupon filed a second defamation action in state court alleging new instances of defamation. However, the allegedly defamatory material was time barred. Plaintiffs then withdrew their original defamation claim and amended their complaint in federal court to include the second defamatory action. Approximately nine months later, Plaintiffs dropped their second defamation claim conceding it was time barred.
 
 
 6
 The district court held a trial on Defendant's counterclaim for attorney fees and costs pursuant to Fed.R.Civ.P. 11 and the Colorado statute. The trial judge entered judgment for Defendant on his counterclaim awarding attorney fees attributable to defending the defamation claims against Plaintiffs and their counsel. The district court based the judgment upon both Rule 11 and the Colorado statute.
 
 
 7
 Plaintiffs appeal asserting: (1) they were denied a hearing under the Colorado statute; (2) the district court erred by awarding attorney fees based on the Colorado statute; and (3) the district court lacked jurisdiction to award Rule 11 sanctions as the complaints were filed in state court, not federal court.
 
 
 8
 The Colorado statute authorized the court to award reasonable attorney fees against any party or attorney who has brought a civil action that the court determines "lack[s] substantial justification." Colo.Rev.Stat. § 13-17-102(2) (1987 Repl.Vol.). The statute defines "lack[s] substantial justification" as "substantially frivolous, substantially groundless, or substantially vexatious." Id. at § 101. The judiciary has imposed a preliminary requirement to an award of attorney fees: " 'Where, as here, a party places in issue a claim for attorney fees pursuant to § 13-17-101, et. [sic] seq., C.R.S. (1983 Cum.Supp.), that party has the right to, and the trial court has a duty to conduct, a hearing upon that claim.' " Pedlow v. Stamp, 776 P.2d 382, 385 (Colo.1989) (quoting Zarlengo v. Farrer, 683 P.2d 1208, 1210 (Colo.App.1984)) (emphasis omitted). The reason for the hearing is to " 'develop facts sufficient for the trial court to exercise its discretion.' " Id. (quoting Alessi v. Hogue, 689 P.2d 649, 651 (Colo.App.1984)). This statute imposes two separate duties on the trial judge: (1) to hold an evidentiary hearing; and (2) to make factual findings and legal conclusions as to the basis for and amount of attorney fees. See Collie v. Becknell, 762 P.2d 727, 732 (Colo.App.1988).
 
 
 9
 In this case, the district court held a trial on the propriety of awarding attorney fees under the statute. Defendant's counterclaim for attorney fees pursuant to the Colorado statute was tried to the court. The trial judge denied Plaintiffs' post trial motion for a hearing on the award of attorney fees. In its order denying Plaintiff's post trial motion, the court found the issues had been sufficiently briefed and it did not require oral argument to aid its determination. The facts upon which the court relied to award fees were presented at the trial.
 
 
 10
 In its order awarding attorney fees, the court concluded Plaintiffs continued to pursue the second defamation claim when they should have known the statute of limitations precluded it. One of the statutory factors the court could consider is the amount of pre-filing effort the attorney expended to determine the validity of a claim. Colo.Rev.Stat. § 13-17-103(1)(a). The court found that with reasonable effort Plaintiffs should have known the statute of limitations extinguished the defamation claim before filing. The court also found Plaintiffs should have known the first defamation claim was groundless. The court further found that although the first defamation claim was voluntarily dismissed twenty-three days after it was filed, the second defamation claim was filed contemporaneously with that voluntary dismissal. Plaintiffs did not drop the second defamation claim until September 24, 1986. Thus, the court found Defendant was placed in a position of having to defend the defamation action and therefore was entitled to an award of attorney fees.
 
 
 11
 We limit our review of an award of attorney fees and will overturn the trial court's fee award only if it amounts to an abuse of discretion. Smith v. Freeman, 921 F.2d 1120, 1123 (10th Cir.1990). We find the district court made sufficient factual findings and legal conclusions to satisfy the requirements of Colo.Rev.Stat. § 13-17-101 et seq. We further find the trial judge presented the parties with sufficient opportunity to present evidence upon which he based the award of attorney fees. Although oral argument was denied upon the post trial motion, the court had listened to the evidence at trial and then allowed the parties to fully brief the issue. The court satisfied the statutory "hearing" requirement by virtue of conducting a trial.
 
 
 12
 Next we examine whether the trial court abused its discretion by awarding attorney fees pursuant to Colo.Rev.Stat. § 13-17-101 et seq. A court may award attorney fees under this statute for claims that lack substantial justification--that is, claims that are frivolous, groundless or vexatious. The court can find Plaintiffs' claim frivolous if Plaintiffs are unable to present "rational argument based on the evidence or law" to support the claim. Western United Realty, Inc. v. Isaacs, 679 P.2d 1063, 1069 (Colo.1984). The court found Plaintiffs should have known their second defamation claim was time barred. As such, Plaintiffs could present no evidence the claim was meritorious. The court also found Plaintiffs should have known the first defamation claim was not valid before filing. The court found that although Plaintiffs withdrew the claim twenty-three days after its filing, that could not immunize Plaintiffs from the imposition of attorney fees where he contemporaneously filed a second invalid defamation claim. Based on the court's factual findings and legal conclusions discussed above, we find the trial court did not abuse its discretion by awarding attorney fees pursuant to this statute. Because the trial court did not abuse its discretion by awarding fees pursuant to the Colorado, statute we need not reach Plaintiffs' Rule 11 claims.
 
 
 13
 Defendants have asked us to award damages pursuant to Fed.R.App.P. 38 to punish Plaintiffs for bringing a frivolous appeal. Although we find this appeal close to frivolous, we decline to impose sanctions on the Plaintiffs.
 
 
 14
 The judgment of the trial court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Colo.Rev.Stat. § 13-17-102(2) (1987 Repl.Vol.) provides in pertinent part "in any civil action ... commenced ... in any court ... in this state, the court shall award, ... reasonable attorney fees against any attorney or party who has brought ... a civil action, either in whole or in part, that the court determines lacked substantial justification."