ST. JUDE'S COMPANY, a Colorado
corporation, Plaintiff–Appellant
and Cross–Appellee,

v.

ROARING FORK CLUB, L.P.,
Defendant–Appellee and
Cross–Appellant.

No. 98CA1025.

Colorado Court of Appeals,
Div. I.

Dec. 23, 1999.

Rehearing Denied March 6, 2000.*

Certiorari Granted Dec. 18, 2000.

* Vogt, J., would GRANT.

Balcomb & Green, P.C., David Sandoval, Scott Balcomb, Glenwood Springs, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Patrick & Stowell, P.C., Brian L. Stowell, Kristin L. Howse, Aspen, Colorado, for Defendant–Appellee and Cross–Appellee.

Opinion by Judge NEY.

Plaintiff, St. Jude Company, appeals the trial court's judgment granting limited injunctive relief in its favor, and the court's denial of attorney fees without a hearing. Defendant, the Roaring Fork Club, cross-appeals the trial court's judgment in favor of plaintiff. We affirm in part, reverse in part, and remand with directions.

Plaintiff and defendant own neighboring properties and co-own unincorporated ditches and rights to the water transported in those ditches. Plaintiff, the downgradient property owner, holds historic appurtenant easements and rights-of-way for entry onto defendant's servient estate for inspection, maintenance, operation, and repair of three irrigation ditches. Plaintiff uses the ditches and water rights to support its agricultural operations.

Prior to 1995, plaintiff accessed the ditches along existing roads and ditch banks to maintain the ditches.

Defendant acquired the servient property in 1995 and developed a golf course, fly fishing recreational facilities, and guest cabins. In developing its property, defendant excavated within plaintiff's rights-of-way, graded and destroyed ditch banks and portions of ditches, realigned ditch channels, diverted ditch water flows, piped portions of ditches,

constructed cabins and golf greens within the easements, and temporarily piped wastewater into one of the ditches.

Defendant unsuccessfully offered to buy portions of plaintiff's property and later attempted to negotiate a ditch maintenance agreement.

Plaintiff initiated a trespass action against defendant, seeking a mandatory and permanent injunction requiring defendant to remove the improvements which prevent plaintiff from maintaining the ditches and for restoration of the ditches. Defendant counterclaimed for damages based on breach of an oral contract.

After a three-day trial, the court concluded that defendant had committed trespass on plaintiff's easements and entered judgment for plaintiff. Additionally, it rejected defendant's claim based on an alleged oral contract between the parties, which settled the controversy related to the ditches. Defendant does not appeal that judgment.

The court granted plaintiff mandatory and permanent injunctive relief, requiring an election between two remedial courses of action. The parties filed cross-motions seeking an amendment or clarification of the judgment. In response, the court ordered plaintiff to prepare a form of injunction consistent with the judgment. The court entered this injunction and clarified its earlier order by permitting defendant to choose between the two alternative remedies. Defendant selected the second alternative remedial action, which the court memorialized in an order supplementing the injunction.

This appeal followed.

## I.

■ As a threshold matter, we address defendant's contention on cross-appeal that, because it co-owns water rights with plaintiff, the trial court erred by finding that it had trespassed on plaintiff's ditch easements. We perceive no error.

■ The owner of the servient estate continues to enjoy all the rights and benefits of proprietorship consistent with the burden of the easement, and must not unreasonably interfere with the superior right-of-way of the easement owner. *Bijou Irrigation District v. Empire Club*, 804 P.2d 175 (Colo. 1991).

In its order, the trial court concluded that:

Defendant has an equal right [as plaintiff] as a co-owner of water in the ditches and also has a right to use the servient estate in a manner that is not unreasonably restricted by the existence and use of the easements.... This Court concludes that ... by its conduct in obliterating parts of ditches, making uncompacted utility crosscuts of ditches, building improvements on or so near ditches as to prevent maintenance by reasonable means, piping wastewater into ditches and disturbing the ditch banks, defendant has committed trespass on the easements of plaintiffs.

Here, our review of the record satisfies us that there is evidentiary support to conclude that defendant's development of the servient estate interfered with plaintiff's easement. *See Lazy Dog Ranch v. Telluray Ranch Corp.*, 965 P.2d 1229 (Colo.1998) (absent contrary intentions of the parties, the servient tenement may make any use of the burdened property that does not unreasonably interfere with the enjoyment of the easement by its owner for its intended purpose).

Defendant cites no authority and we find none that permits the co-owner of water rights in a ditch crossing his or her property to destroy or damage the ditch easement. Accordingly, the trial court did not err by finding that defendant had committed trespass. *See People v. Vigil*, 955 P.2d 589 (Colo.App.1997).

Nevertheless, defendant urges that this is a case of first impression because both parties own rights to the water, and therefore an exception should be created from the general rule protecting easement rights. Defendant bases this argument on its reasoning that co-owners of water should be entitled both to maintain and improve the co-owned ditch. However, because none of the development activities conducted by defendant on the servient land relate to ditch maintenance or the improved usage of its water rights, we are unpersuaded.

## II.

Plaintiff contends that the trial court erred by providing alternative judgments of relief in its injunction.

In paragraph seven of its March 19, 1998, order, the court concluded:

[P]laintiff is entitled to injunctive relief requiring removal of development that reasonably interferes with entry, access and maintenance of the ditches and restoration of the ditches as prayed for *or in the alternative* that defendant should assume all responsibility for and expense of operation and maintenance of the ditches on its property and be obligated to deliver water to plaintiff upon demand at its current locations on plaintiff's property in the amount and quality and at the time consistent with plaintiff's adjudicated rights. (emphasis supplied)

The parties filed post-trial motions for clarification regarding the effect of paragraph seven. In response, the court ordered plaintiff to prepare a form of injunction consistent with the court's prior entry of judgment, clarified that the power of election rested in defendant, and set forth the time constraints for its election.

In accordance with the court's order, plaintiff prepared an injunction mandating that defendant perform one of the two alternatives.

Alternative one provided that defendant remove the development that reasonably interferes with plaintiff's entry, access, and maintenance of the three ditches and restore the ditches. Plaintiff then set forth the specific developments defendant was required to remove in relation to each of the three ditches.

In alternative two, defendant becomes responsible for the operation and maintenance of the three ditches and is obligated to deliver water to plaintiff upon demand at its current location on plaintiff's property in the amount and quality and at a time consistent with plaintiff's adjudicated rights.

The injunction was issued on May 6, 1998, and provided it was permanent, continuing and enforceable by contempt of court. In its

order supplementing the injunction, the trial court entered defendant's election of alternative two, and incorporated it as part of the injunction. The order further provides:

[T]he defendant is permanently and mandatorily enjoined to assume all responsibility for the operation and maintenance of the three ditches on its property . . .

■ Because the grant of an injunction lies within the sound discretion of the trial court, we will reverse it only upon an abuse of discretion. *Scott v. City of Greeley*, 931 P.2d 525 (Colo.App.1996).

## A.

■ Plaintiff contends that removal of the trespassory encroachments, memorialized in alternative one, would provide the only proper remedy. Although we do not agree that this may be the only proper remedy, we do agree that alternative one provides an adequate remedy.

Alternative one provides that defendant must remove the development which reasonably interferes with plaintiff's access, entry, and maintenance of the ditches, and restore them.

■ Where a servient property owner's trespass unreasonably and substantially encroaches upon an easement, a court may order the servient owner to restore the obstructed portion of the easement and to refrain from permanently interfering with the easement owner's legitimate use of the easement. *Hornsilver Circle, Ltd. v. Trope*, 904 ·P.2d 1353 (Colo.App.1995).

Accordingly, we conclude that alternative one provides a proper remedy to plaintiff. *See Hornsilver Circle, Ltd. v. Trope, supra.*

## B.

■ Plaintiff also asserts that the trial court's second alternative remedy is improper. We agree.

In its order, the trial court found, contrary to defendant's assertions, that plaintiff never accepted defendant's offer to enter into a ditch maintenance agreement and did not orally contract with defendant concerning operation or maintenance of the ditches, nor did

plaintiff accept its offer to buy plaintiff's property. The court concluded that defendant was aware that its property development was inconsistent with plaintiff's easement rights.

■ An owner of a servient tenement has no right for his or her own convenience or profit to change the location of a ditch or interfere with the vested rights of a dominant tenement therein, without the consent of that party. *Valley Development Co. v. Weeks*, 147 Colo. 591, 364 P.2d 730 (1961).

Here, we are not satisfied that alternative two complies with Colorado law. The trial court's conclusion that defendant's property development has resulted in the obstruction of access, the destruction of parts of the ditches, and that plaintiff did not consent to the ditch encroachment, is amply supported by the record.

Therefore, because alternative two permits the encroachment to remain on plaintiff's easement, we conclude that it does not provide plaintiff with a proper remedy. *See Valley Development Co. v. Weeks, supra.* Accordingly, we set aside the September 21, 1998, order supplementing the injunction.

Defendant cites *Brown v. Bradbury*, 110 Colo. 537, 135 P.2d 1013 (1943), for the proposition that a dominant tenement does not have an unqualified right to have an irrigation ditch remain in its original location, and that under justifiable circumstances the servient owner can relocate a ditch if he or she provides other adequate and satisfactory means for receiving water.

In *Valley Development Co. v. Weeks, supra*, the supreme court examined *Brown v. Bradbury*, and reasoned that the opinion appears on its face to be in conflict with the well-settled property law in Colorado that the owner of a servient tenement has no right for his or her own convenience or profit to change the location of a ditch or to do anything which will interfere with the vested rights of a dominant tenement therein, without the consent of that party. *Chirichigno v. Dickinson*, 63 Colo. 443, 167 P. 1178 (1917).

The *Weeks* court concluded that to attribute to *Brown* the proposition that the servient tenement may provide a substitute for his or her convenience, without consent of the dominant tenement, is to misconstrue the meaning and intent of the holding in *Brown. Valley Development Co. v. Weeks, supra.*

In *Brown*, as well as in *Weeks*, the court considered situations in which a defendant had already implemented remedial measures, by relocating the ditch, to provide the easement holder with water. In *Brown*, the plaintiff received water in the same or increased quantity as before the ditch relocation, and admitted that any damage it sustained was insignificant and immeasurable. In *Weeks*, it would have been impossible to restore the ditch without damaging the rights of innocent third parties.

Here, defendant had not previously implemented a remedial system to deliver water to the plaintiff which could have resulted in insignificant damage, as in *Brown*. There is no evidence in the record that the rights of innocent third parties would be affected, as in *Weeks*. Instead, the posture of this case is that the trial court merely outlined the goal of providing an alternative and adequate water supply to plaintiff, and then gave control of water delivery solely to defendant.

Because there was no substitute in place for the court to evaluate, and the record does not contain any evidence that third-party equity interests have arisen, we conclude that *Brown* does not support defendant's position. *See Valley Development Co. v. Weeks, supra.*

■ Where no innocent third parties' interests are affected, we decline to encourage equitable relief in favor of a party who has intentionally engaged in improper conduct for its own gain, and to the detriment of the plaintiff's rights. *See Bernhardt v. Hemphill*, 878 P.2d 107, 113 (Colo.App.1994) ("one who has himself or herself engaged in improper conduct regarding the subject matter of the cause of action may, as a result, lose entitlement to an equitable remedy").

The cause is remanded for the trial court to enter a new order for a permanent and mandatory injunction requiring relief for plaintiff consistent with alternative one. *See State ex rel. Woodard v. May Department Stores Co.*, 849 P.2d 802 (Colo.App.1992), *modified on other grounds*, 863 P.2d 967

(Colo.1993) (where there exist numerous, long-range, and repeated violations of law, the court has duty to ensure that the injunctive decree will effectively redress the proven violations and prevent further ones).

In light of our disposition, we need not address plaintiff's assertions that alternative judgments are always improper, or that the prevailing party should always be permitted to make the election under circumstances appropriate for alternatives.

### III.

■ We next address defendant's claims on cross-appeal that the trial court erred by adopting alternative one of plaintiff's drafted injunction because it is inconsistent with the court's March 19, 1998, judgment. We disagree.

Defendant argues that the specific ditch improvements listed for compliance under alternative one were improperly included in the injunction because they were not requested as relief in the trial management order.

■ Generally, the trial court exercises discretion to fashion equitable remedies, and we will not disturb such rulings on appeal absent an abuse of discretion. *La Plata Medical Center Associates, Ltd. v. United Bank of Durango,* 857 P.2d 410 (Colo.1993).

Here, the court heard the evidence proffered at trial regarding the ditch obstructions and found that defendant had committed trespass. The court ordered plaintiff to prepare an injunction consistent with its order for relief, and adopted it, including the list of specific improvements of the three ditches.

We perceive no abuse of discretion by the trial court adopting plaintiff's draft of the injunction, which is more specific than the pleadings, but supported by the evidence. *See La Plata Medical Center Associates, Ltd. v. United Bank of Durango, supra.*

### IV.

■ Finally, plaintiff contends that the trial court erred by denying it attorney fees, pursuant to § 13–17–101, et seq. C.R.S.,

1999, without conducting a hearing. We disagree.

In its order, the trial court found that defendant's counterclaims were not frivolous, groundless, or asserted for vexatious purposes. It concluded that under the circumstances of the case, plaintiff was not entitled to attorney fees.

■ A trial court need not conduct a separate hearing on the issue of entitlement to attorney fees before denying a request therefore. *Hunter v. Colorado Mountain Junior College District,* 804 P.2d 277 (Colo. App.1990).

Here, there is support in the record for the trial court's determination that defendant's claims were not frivolous, groundless, or asserted for vexatious purposes. Although the evidence of an agreement, as opposed to negotiations between the parties, is negligible and tenuous, there was evidence presented on the record that an agreement may have been reached. Therefore, we will not disturb the court's finding. *See Baldwin v. Bright Mortgage Co.,* 791 P.2d 1182 (Colo. App.1989).

The entry of judgment in plaintiff's favor is affirmed, the injunction and final order supplementing the injunction are reversed, and the cause is remanded for the trial court to enter a permanent and mandatory injunction consistent with alternative one. The order denying plaintiff attorney fees is affirmed.

Judge METZGER concurs.

Judge VOGT concurs in part and dissents in part.

Judge VOGT concurring in part and dissenting in part.

Because I believe the trial court's alternative remedy was a proper exercise of its equitable powers and was consistent with supreme court precedent, I respectfully dissent from Part II(B) of the majority opinion. In all other respects, I concur with the majority.

In support of its conclusion that the trial court's alternative remedy does not comport with Colorado law, the majority cites *Valley Development Co. v. Weeks,* 147 Colo. 591, 364

P.2d 730 (1961). In my view, *Brown v. Bradbury*, 110 Colo. 537, 135 P.2d 1013 (1943), not *Weeks*, applies here and supports the resolution reached by the trial court.

In *Weeks*, the supreme court summarized its earlier decisions addressing the issue presented in this case and then continued:

> We believe that [these cases] correctly set forth the applicable law except where a trial court has, under its equitable powers in cases involving easements, determined the conditions under which such easement may be altered where other equities have arisen. In cases of the latter type, the *Brown* doctrine is applicable.

*Valley Development Co. v. Weeks, supra,* 147 Colo. at 595, 364 P.2d at 732.

Thus, *Weeks* clearly leaves open the alternative of a remedy less drastic than requiring restoration of the easement to its pre-trespass state in appropriate cases. In my view, it was within the discretion of the trial court, sitting in equity, to deem this to be such a case.

Whenever there is ownership of property subject to an easement, there is a dichotomy of interests, both of which must be respected, and which must be kept, as nearly as possible, in balance. *Hornsilver Circle Ltd. v. Trope,* 904 P.2d 1353 (Colo.App.1995). In accordance with this principle, the trial judge here—who also sits as a water judge—recognized that plaintiff had a right to the delivery of water to its property in the appropriate quantity and quality and at the appropriate time, consistent with its adjudicated rights, but that defendant also had an equal right as a co-owner of water in the ditches and a right to use the servient estate in a manner not unreasonably restricted by the existence and use of plaintiff's easement.

Reasoning that, because an equitable remedy was sought, it was required to balance the equities between the parties in fashioning that remedy, the court observed:

> Up to the time of trial, plaintiff has not been denied access to the ditches or denied the opportunity to maintain them. He has not suffered any diminution in the amount or quantity delivered through the system. Defendant agreed in argument that plaintiff should not suffer any increased cost of maintenance of the ditches because of the development of the servient estate. Traditional maintenance of the ditches and the disposition of spoilage is inconsistent with development currently being constructed on the property. Restoration of the ditches to their condition prior to the trespass would be costly and substantially interfere with development plans of defendant.

The court's observations are supported by the evidence presented at trial. For example, in regard to the cost of restoration, there was testimony that it would cost several million dollars to remove improvements constructed by defendant and restore the ditches to their original condition.

The trial court correctly recognized that, although a trespass had occurred, there were still equities to be balanced. It concluded that an appropriate equitable remedy would be to give defendant the alternative to "assume all responsibility for and expense of operation and maintenance of the ditches on its property and be obligated to deliver water to plaintiff upon demand at its current locations on plaintiff's property in the amount and quality and at the time consistent with plaintiff's adjudicated rights."

On its face, this remedy appears calculated to ensure that, although the ditches would not be restored to their original condition, plaintiff's rights would be fully protected. *See Valley Development Co. v. Weeks, supra,* 147 Colo. at 595, 364 P.2d at 732 (noting that *Brown* remedy was appropriate where, although the location of plaintiff's easement was altered, plaintiff's rights "were not in reality forfeited"). Further, even accepting plaintiff's arguments on appeal as to how it would be disadvantaged by the alternative offered by the trial court, I believe it was within the court's discretion to conclude that these disadvantages would be outweighed by the drastic consequences to defendant that would result from requiring restoration of the servient estate to its pre-trespass condition.

I thus conclude that the trial court's alternative remedy was entirely permissible under Colorado law and was an appropriate exercise of its equitable powers. In light of

this conclusion, and because I am unpersuaded by the other arguments presented on appeal and cross-appeal in favor of reversal, I would affirm the judgment of the trial court in its entirety.